## MARCILENA LEGA v. THE STATE.

No. 974.    Decided March 18th, 1896.

Motion for Rehearing Decided April 22nd, 1896.

**1.  Burglary, with Intent to Steal—Allegation and Proof of Ownership—General and Special Owner.**

Where an indictment for burglary charged, that it was committed with intent to steal the property of a certain person, and it appeared that such person had the control of the burglarized house, the admission of the testimony of another party that he owned the property taken from the house, was not erroneous, because the party having the possession, management and control of the house was, in law, the special owner of the house and property in it, and ownership was properly laid in him.  In such case, it was unnecessary to prove the ownership and want of consent of the real owner; but, of this, defendant could not complain.

**2.  Absence of Statement of Facts—Presumptions in Aid of Judgment—Practice on Appeal.**

In the absence of a statement of facts, in the record, the court, on appeal, will, in aid of the judgment, indulge the presumption that all the material allegations in the indictment were proved.

**3.  Evidence of Other Crimes—Bill of Exceptions.**

The fact that on a trial for burglary, evidence of other thefts and burglaries was admitted, will not be reviewed in the absence of a bill of exceptions reserved to the admission of such testimony.

ON MOTION FOR REHEARING.

**4.  Burglary—Evidence of Want of Consent—Presumption as to.**

On appeal from a conviction for burglary, with intent to commit theft, it will be presumed that the want of consent of the alleged owner, who was in possession of the property, was shown in the absence of a statement of facts, or a showing to the contrary.

APPEAL from the District Court of Guadalupe.   Tried below before Hon. THOMAS H. SPOONER.

This appeal is from a conviction for burglary, the punishment being assessed at five years' imprisonment in the penitentiary.

There is no statement of facts in the record.

T. L. Johnson, for appellant.—The court erred in allowing the State to prove the ownership of the property intended to be stolen in another and different person than the one alleged in the indictment to be owner of the said property, and whose want of consent was not negatived in the indictment.   Treadwell v. State, 16 Tex. Crim. App., 643; Webster v. State, 9 Tex. Crim. App., 75; Penal Code, Art. 724; Williams v. State, 12 Tex. Crim. App., 395; Roderiquez v. State, 12 Tex. Crim. App., 552; Reed v. State, 14 Tex. Crim. App., 662.

Mann Trice, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary with intent to steal, and given a term of five years in the penitentiary, and prosecutes this appeal.   Possession and ownership were charged to have been in one William Evans.   On the trial, the State, among other things, as shown by appellant's bill of exceptions, was permitted to prove by

George Evans that he was the owner of the saddle taken from the stable of William Evans on the night of the 6th of October, 1895, and he, the said George Evans, did not consent to such taking. This was objected to because the indictment charged a burglary with intent to commit the theft of the property of William Evans, and the State's evidence should have been confined to the specific allegations in the indictment, and the State should not have been permitted to prove ownership and want of consent in another and different person than the one set out in the indictment as the owner of the property intended to be stolen. This bill of exceptions is very indefinite. If it was intended to apply to any other property than that which was in the house alleged to have been burglarized, the bill of exceptions should have so stated. If it was intended to refer to the saddle taken from the house burglarized, then the testimony was not erroneously admitted. If the testimony on the trial showed, as alleged, that the burglarized house was under the control of William Evans, and the saddle was taken from that house, and he had possession, management, and control of it, ownership was properly alleged in him, for these facts would constitute him the special owner. While the State might rely upon the want of consent of William Evans, yet the appellant cannot complain that the want of consent of the real owner was also proved. If the appellant had the consent of the real owner to take the property, this was a defensive matter, to be proved by him. While it was not necessary for the State to prove the want of consent of George Evans, because not alleged, yet such proof will not constitute reversible error. We have thus discussed the bill of exceptions on the theory and supposition that the defendant intended by the bill of exceptions to show a variance between the allegations and the proof with reference to ownership and consent; but, as before observed, the bill is so indefinite and uncertain in its terms, statements, and allegations, that it would hardly require this discussion. The statement of the facts adduced upon the trial is not incorporated in the record, and we therefore will indulge the presumption, in aid of the judgment, that all of the material allegations alleged in the indictment were proved. If, as contended in the third ground of the motion for a new trial, evidence of other thefts and other burglaries than the one charged was admitted in evidence before the jury, the appellant should have reserved his exceptions, if he was not satisfied with the rulings of the court in this regard; and, in the absence of such bill of exceptions, this supposed error will not be reviewed. As before stated, the evidence is not before us, and we will not, therefore, undertake to review the supposed insufficiency of the testimony to support the conviction. The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—Appellant's motion for rehearing is based upon the assumption that the want of consent of William Evans, the alleged owner, was not shown on the trial. As stated in the original

opinion, the evidence is not before us, and the bill of exceptions does not show, or undertake to ·do so, that his want of consent was not proved. Its only contention is that the court erred in permitting George Evans (the real, though not alleged owner) to testify that he did not give his consent to the taking of the property. If, in fact, William Evans did not testify to his want of consent, the bill of exceptions should have so stated. This it does not do. This court cannot supply omissions in bills of exceptions. See, Willson's Crim. Stat., §§ 2368, 2516. Of course, the want of consent of William Evans was necessary to a conviction, as he was alleged to be the owner. If this was not shown in some way, the State failed to prove its case. But this court presumes that this was shown, in the absence of a contrary showing. The mere fact that George Evans was permitted to testify to his want of consent does not tend to prove that the want of consent of William Evans was not proved. The evidence of George Evans, in this respect, was immaterial. The motion for rehearing is overruled.

*Motion Overruled.*