## M. WILLIS v. THE STATE.

*No. 1080.    Decided January 27th, 1897.*

### 1.   Local Option—Information—Allegation and Proof.

See, information for a violation of local option, the allegations of which are held sufficient to authorize the admission in evidence over defendant's objection, of the order of the Commissioners' Court ordering the election.

### 2.   Same—Charge.

On a trial for violation of local option, where the proof showed without contradiction, that the purchaser of the liquor had no prescription, and that the liquor was not bought upon prescription or for sacramental purposes, no objection could lie to the charge of the court, "because it did not require the jury to believe that there was not a prescription authorizing the sale."

### 3.   Same—Sale.

On a trial for violation of local option, where the evidence showed that the purchaser gave defendant, who was an employe in the saloon, a dollar to get whiskey with, and he handed it to another employe, who got the whiskey, handed it to defendant, who then handed it to the prosecutor.   Held: This was a sale, and constituted defendant a principal in the sale.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days' imprisonment in the county jail.

The charging part of the information is as follows:

"That M. Willis, on or about the 1st day of January, A. D. 1896, and before the filing of this complaint, in the County of Hunt and State of Texas, did then and there sell to J. F. Blackwell intoxicating liquor, to-wit: whiskey, and at said time the sale of intoxicating liquor had been previously prohibited under the laws of said State in said county, which laws were at said time in full force and effect, and said sale was made after the qualified voters of said county had at a legal election, held for that purpose in accordance with law, determined that the sale of intoxicating liquor should be prohibited in said county, and the Commissioners' Court of said county and State had declared the result and legally passed an order to that effect, which order had been published as required by law, and said liquor so sold was not sold for sacramental purposes, nor as a medicine, but was sold in violation of law," etc.

The testimony in the case is as follows:

J. F. Blackwell, the only witness for the State, testified: "I knew the defendant, M. Willis, on the 1st day of January, 1896. I saw defendant standing in the door of Dedrick & Morton's billiard hall. I gave him a dollar and said nothing to him. Defendant took the money, and went into a room adjoining the billiard hall, and then came back into the billiard hall, and went through the hall to the back part of same, and went into an enclosure at the back of the hall. I followed the defendant as he went through the hall to the rear, and as I was going into the enclosure I met defendant coming out of said enclosure. I looked in a box on the inside of said enclosure and got a quart bottle of whiskey out of the box. The whiskey was intoxicating. I had no prescription for it, and did not get it for sacramental purposes. I gave the defendant the dollar because I wanted whiskey, and had understood that was the way to get it. This occurred in Hunt County, Texas."

The defendant, Willis, in his own behalf, says: "I remember Mr. Blackwell handing me a dollar. I handed the money to a negro who works in the house for Dedrick & Morton. I was employed by Dedrick & Morton to run the billiard hall, but had no interest in the whiskey, and had nothing to do with the sale of same. Dedrick & Morton had whiskey in a room adjoining the billiard hall, but it was disconnected by a partition from the hall." Cross-examination: "I did not know what the dollar was for which the witness, Blackwell, gave me. Dedrick & Morton run what they call a 'Temperance Saloon.' They have United States revenue license for the retail of intoxicating liquors. The house where they have the whiskey is under the same roof as the billiard hall where I worked." Re-examination: "I knew Mr. Blackwell gave me

the dollar for whisky, and I gave the money to the negro to assist Blackwell in procuring the whiskey."

*J. G. Mathews,* for appellant.—In a prosecution for violating the local option law, upon an information which fails to allege that the election was held upon an order of the Commissioners' Court, and fails to allege in any way an order for election, and there is no pleading by defendant, except the plea of not guilty, an admission of the order for election in evidence over the objections of defendant on said ground, is error.

Where the court charges the jury that it would be a violation of the local option law to sell whiskey in a local option district, without saying anything about a prescription or a sale for medical purposes, such charge would be giving the jury an incorrect definition of the local option law.

The court erred in refusing to give defendant's special charge, which would have instructed the jury, that if they believed from the evidence that the defendant, Willis, had no interest in the sale of the whiskey, but only aided and assisted Blackwell in the purchase of the same; then and in that event they would find him not guilty, which charge the court refused to give, and to which the defendant at the time excepted.

Where a party charged with the offense of violating the local option law, shows by his own evidence, and the same is not contradicted by any other witness, that he only aided and assisted the purchaser in buying intoxicating liquor, and that he had no interest whatever in its sale, he would be entitled to a charge informing the jury that he would not be guilty in case he only aided the purchaser, and not the seller, and had no interest in the sale.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, fined $25, and given twenty days in the county jail; hence this appeal. The information in this case is the same as that in Key v. State, ante p. 77. Upon the authority of that case, this information is held to be sufficient. Over appellant's objection, the State introduced in evidence the order of the Commissioners' Court ordering an election to be held by the qualified voters of Hunt County, to determine whether or not the sale of intoxicating liquors should be prohibited in Hunt County. The objection urged was that there was "no allegation of such order in the information, and no pleading in the cause to authorize its introduction." These objections are not well taken. The allegation in the information was sufficient to authorize the admission of the testimony. The appellant objects to the court's charge, which authorized a conviction upon the State's case, because it did not require the jury to believe that there was not a prescription authorizing the sale. The proof in this case shows without contradiction that the

purchaser had no prescription, and gave defendant none. The prescription or purchase for sacramental purposes does not figure in this case, and had nothing to do with it. The testimony excluded the idea that the whiskey was bought on prescription or sold for sacramental purposes. Appellant requested the court to charge the jury, if they should believe from the evidence that the defendant, Willis, had no interest in the sale of the whiskey, but only aided or assisted Mr. Blackwell in the sale of the same, to acquit him. Under a proper state of case, this charge would embody the law. While the defendant testified that he had no interest in the sale, yet, when all the facts are considered bearing upon this point, no honest jury would take such a view of the case if this charge had been submitted to them, because the evidence of the defendant himself shows (he being the only witness who testified for defendant) that he was in the employ of the owner of the saloon; that the dollar was given to him by the purchaser to secure whiskey from his employer, and he handed this dollar to his co-employe, a negro, who procured the whiskey, and handed it to defendant, who then handed it to the purchaser, Blackwell; these facts would constitute him a principal in the sale, there being no such thing as an accomplice in misdemeanor cases. There was no error in refusing this charge. The testimony of Blackwell, the only witness for the State, is clear and emphatic that he bought the whiskey of the appellant, and paid him the dollar for it. There is another remarkable fact in this case: Appellant in one place states that he did not know what the money was for, and in another place he states that he knew that Blackwell wanted whiskey, and knew that the dollar was given him for the purpose of purchasing whiskey. It is remarkably strange that appellant should be so well informed of the wants of Blackwell, unless he had been engaged in that business on divers occasions before; and understood the device by which to defeat a sale, and thereby prevent a prosecution. If appellant had nothing to do with the sale of the whiskey, why did not he inquire of Blackwell what he wanted, and, when informed, direct him to the negro. He proposes to show that the negro made the sale, and not himself; but it seems that he would not trust the negro with the money. Taking the testimony altogether, as before stated, we have no doubt but that the negro was only a tool, and that appellant, aided by the negro, was engaged in selling whiskey. The judgment is affirmed.

*Affirmed.*