B. F. Holloway v. The State.

No. 4080.    Decided March 18, 1908.

**1.—Local Option—Indictment—Commissioners Court—Result of Election.**

Where upon trial of a violation of the local option law the indictment alleged that the commissioners court had entered an order prohibiting the sale of intoxicating liquors in the county, this of necessity embraced and included the fact that the condition precedent had been complied with, to wit, the result of the election had been declared; and there was no necessity of alleging in the indictment said condition precedent. Following Shilling v. State, 51 S. W. Rep., 240.

**2.—Same—Indictment—Case Stated.**

Upon trial for a violation of the local option law where the indictment complied with precedent heretofore approved, the contention that it failed to allege that the commissioners court had declared the "results of said election, was untenable, and the indictment was sufficient. Following Stephens v. State, 97 S. W. Rep., 483.

**3.—Same—Statement of Facts—Order After Adjournment—Filing—Presumption.**

Where upon appeal from a conviction of a violation of the local option law the record showed that the appellant was convicted during a term of court which adjourned on the 22d day of June, 1907; that there was no order authorizing the statement of facts to be filed after the adjournment of court, and the statement of facts was filed on July 9, 1907, the same could not be considered; and it will be presumed that all the material allegations in the indictment were proved.

**4.—Same—Charge of Court—Practice on Appeal.**

In the absence of a statement of facts, the appellate court will presume in aid of the judgment of the court below, the regularity of the proceedings, the sufficiency of the proof, and decline to reverse in any case, unless the charge of the court so departs from the indictment as to make such error conclusive evidence of injury.

**5.—Same—Erroneous Charge—Case Stated.**

Where upon appeal from a conviction of a violation of the local option law, the court's charge erroneously authorized a conviction by the jury found from the evidence that defendant was engaged in a system of business for the purpose of evading the local option law without regard whether or not he made a sale of intoxicating liquors within the prohibited territory; and there was no statement of facts, and in view of the entire charge appearing in the record, the same was not such error as to show conclusively that injury resulted to the appellant.

Appeal from the County Court of Jones.    Tried below before the Hon. J. P. Stinson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and sixty days confinement in the county jail.

The opinion states the case.

*Brooks & Scott,* for appellant.—On question of erroneous charge of court:    Cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged in the County Court of Jones County with unlawfully selling intoxicating liquors in violation of the local option law.

It is claimed that the indictment is insufficient. The charging part of same is as follows: "Did then and there unlawfully sell to Walter Brewington intoxicating liquor after the qualified voters of said Jones County had determined at an election held in accordance with the laws of said State that the sale of intoxicating liquor should be prohibited in said Jones County, and commissioners court of said county had passed an order to that effect which order had been duly published in accordance with law, against the peace and dignity of the State." It is claimed that this indictment is invalid in that it does not allege in terms that the commissioners court had declared the result of said election. That it is essential the commissioners court shall declare the result of a prohibition election before such election could become effective can admit of no doubt. This precise question has been ruled adversely to appellant in the case of Shilling v. State, 51 S. W. Rep., 240. That the similarity of the two indictments may be seen, they are here inserted in parallel columns.

"That Jim Shilling, on or about the 30th day of January, 1897, and anterior to the presentment of this indictment, in justice precinct No. 5 in the County of Coleman and State of Texas, did then and there unlawfully sell to Ed Henderson intoxicating liquor, after the qualified voters of said justice precinct had determined, at an election held in accordance with the laws of said State, that the sale of intoxicating liquor should be prohibited in said justice precinct, and the commissioners court of said county had passed an order to that effect, which order had been duly published in accordance with law, against the peace and dignity of the State."

"That B. F. Holloway, on or about the 11th day of August, One Thousand Nine Hundred and Six, and anterior to the presentment of this indictment, in the County of Jones, and State of Texas, did then and there unlawfully sell to Walter Brewington intoxicating liquor after the qualified voters of said Jones County had determined at an election, held in accordance with the laws of said State, that the sale of intoxicating liquor should be prohibited in said Jones County, and commissioners court of said county had passed an order to that effect, which order had been duly published in accordance with law, against the peace and dignity of the State."

Passing on the indictment in the Shilling case, after quoting same, Judge Brooks says: "We hold this indictment is good," and refers to the cases of Key v. State, 37 Texas Crim. Rep., 77, and Willis v. State, 37 Texas Crim. Rep., 82. It will be observed by reference to these cases that the precise point was not decided either in the Key

case nor in the Willis case, but in the Key case particularly, it was held that a general allegation of publication was sufficient without in terms declaring that the paper had been selected by the county judge. The identical question here involved arose in the case of Stephens v. State, 97 S. W. Rep., 483, where, practically, the validity of the same indictment was upheld by the entire court. The indictment in that case was as follows: "Said Charley Stephens did then and there unlawfully sell intoxicating liquors to J. A. Hill after the qualified voters of said Johnson County had determined at an election held in accordance with the laws of the State of Texas that the sale of intoxicating liquors should be prohibited in said county, and after the commissioners court of said county had made an order prohibiting the sale of intoxicating liquors in said county, and after said order had been published according to law." In that case as in this, there was no direct averment of the fact that the commissioners court had declared the result, but the court say, speaking through Judge Henderson, "Enough is here alleged to show that they had declared the result." Evidently the decision in the Shilling case, as in the Stephens case, proceeded upon the proposition and theory that inasmuch as the declaration of the result was a condition precedent to the order prohibiting the sale of intoxicating liquors in such county, that the allegation in the indictment that such order was entered prohibiting such sale, of necessity embraced and included the fact that the condition precedent had been complied with, to wit: the result of the election had been declared. As an original proposition, the writer might have had some doubt as to the sufficiency of this indictment, but in view of the fact that the form of indictment here attacked was held to be good in the Shilling case, decided May 10, 1899, and reaffirmed in the Stephens case, decided October 24, 1906, and since, no doubt, the officers of the State have in good faith relied upon the holding of this court sustaining such indictments, it being a matter of pleading and practice only, and not a question of substantial right, there would seem to be strong reasons why we should not unsettle the law, and adopt a holding, the effect of which might be to conclude the State in many prosecutions under the local option statute. So believing, we reaffirm the doctrine laid down in the Shilling case and in the Stephens case, and hold the indictment in question good.

The judgment of the court below is affirmed.

*Affirmed.*

### ON REHEARING.

### May 20, 1908.

RAMSEY, Judge.—The judgment of conviction in this case was affirmed at the late Dallas term. The only question considered in the original opinion of the court, was the sufficiency of the indictment. The case was disposed of in view of the fact that the statement of facts was filed at such a time as that it could not under the rule adopted by this court, and obtaining generally, be considered. The record shows

that the County Court of Jones County at which appellant was convicted adjourned on the 22nd day of June, 1907. The statement of facts in the case was filed on July 9, of the same year. There is no order of the county court authorizing or permitting the statement of facts to be filed after the adjournment of the court. Appellant in his motion for rehearing raises two questions. First, that the charge of the court complained of and which will be hereafter noted, was erroneous and of such character as to require a reversal of the case. Second, that the judgment of conviction was unsupported by, and not in accordance with the testimony.

1. It is elementary that in the absence of a statement of facts, that this court on appeal will, in aid of the judgment of the court below, indulge the presumption that all the material allegations in the indictment were proved. Lega v. State, 36 Texas Crim. Rep., 38; Gross v. State, 4 Texas Crim. App., 249; Booker v. State, 4 Texas Crim. App., 564; Davis v. State, 6 Texas Crim. App., 196.

2. A more serious question, however, is raised on the charge of the court. The court, among other things, gave the following instruction: "VIII. Evidence of transactions by defendant, B. F. Holloway, with parties other than Walter Brewington has been admitted in evidence before you for the purpose of showing the character or system of business conducted by the defendant and may be considered by you as circumstances in connection with other evidence in this case and if you should find from the evidence of other transactions such as are involved in this case with Walter Brewington that the defendant herein was engaged in a system of business for the purpose of evading the local option law, then in such event you should convict the defendant." In connection with this charge and immediately preceding it, the court gave the following instruction: "VII. Therefore, bearing in mind the foregoing instructions you are charged that if you believe from the evidence beyond a reasonable doubt that B. F. Holloway did in Jones County, Texas, on or about the 11th day of August, 1906, sell to Walter Brewington intoxicating liquor after the qualified voters of said Jones County had determined at an election held in accordance with the laws of said State that the sale of intoxicating liquor should be prohibited in said Jones County, had passed an order to that effect which order had been duly published in accordance with law, or if you further believe from the evidence beyond a reasonable doubt that B. F. Holloway did in Jones County, Texas, on or about the 11th day of August, 1906, acting as the agent of and in connection with August A. Busch & Company of Waco, Texas, if he did so act as agent as above defined, sell to Walter Brewington intoxicating liquor after the qualified voters of said Jones County had determined at an election held in accordance with the laws of said State that the sale of intoxicating liquor should be prohibited in said Jones County, and after the commissioners court had passed an order to that effect, which order had been duly published in accordance with law, you will find the defendant

guilty and assess his punishment at a fine of any sum not less than $25 nor more than $100 and by imprisonment in the county jail for any term of not less than twenty days nor more than sixty days, and if you have such doubt you will acquit the defendant and so say by your verdict."

Following paragraph 8 of the court's charge quoted above the court charged the jury as follows: "IX. You are further charged that if you believe from the evidence that the defendant, B. F. Holloway, on or about the date alleged in the indictment received and ordered from Walter Brewington at Stamford, Texas, for one cask of beer said order if any addressed to August A. Busch & Company at Waco, Texas, and in compliance with said order if any, said Busch & Company shipped by freight, freight charges prepaid to said Walter Brewington at Stamford, Texas, and you further believe that afterwards the said B. F. Holloway collected from the said Walter Brewington the sum of $11.25 in payment for said beer and you further find and believe from the evidence that in taking said order and collecting said sum of money said B. F. Holloway was acting for and as the agent of said Walter Brewington you will find the defendant not guilty and so say by your verdict."

It is claimed that paragraph eight of the court's charge quoted above was erroneous in that it authorized a conviction if the jury found from the evidence that appellant was engaged in a system of business for the purpose of evading the local option law without regard to whether or not he made the sale of intoxicating liquors to the said Brewington within the prohibited territory. This contention of appellant is correct and the charge of the court in the terms given is not the law. Vanarnsdale v. State, 35 Texas Crim. Rep., 587; 34 S. W. Rep., 931; Brookman v. State, 50 Texas Crim. Rep., 277; 96 S. W. Rep., 928. But it does not of necessity follow that for such error the case, in the absence of a statement of facts, must be or should be reversed. Ordinarily in the absence of a statement of facts, this court will inquire no further than to ascertain whether or not the indictment was sufficient to charge the offense and sustain the charge of the court and the verdict of the jury, except as to matters so presented by bills of exception as to be determinable without a statement of facts, or where it appears that the conviction was not had by due course of law. It has been said, however, that this rule does not preclude this court from revising the charge of the court in a felony case where such charge is not warranted by the indictment, and, where under any state of evidence, it would be manifestly erroneous, and may have prejudiced the rights of the accused. Brown v. State, 16 Texas Crim. App., 197; Hemanus v. State, 7 Texas Crim. App., 372; Davis v. State, 6 Texas Crim. App., 196; Gerold v. State, 13 Texas Crim. App., 345; Kaskie v. State, 7 Texas Crim. App., 202; Davis v. State, 2 Texas Crim. App., 162. How far we may in any case hold that a charge is not warranted by the indictment may be a doubtful question. We think ordinarily, however, where the offense charged in the indictment is submitted to the jury, even though

not with strict accuracy, that such charge cannot, in the absence of a statement of facts, be reviewed. If an offense, not included in the indictment, is submitted, or if a conviction is authorized in a charge, which, under the indictment in the case, would not be justified, we could in such case review such a charge of the court. In the case of Ortis v. State, 18 Texas Crim. App., 282, the following charge was given on the subject of accomplice: "An accomplice is one who, though not present at the commission of an offense, but who, before the act is done, advises, commands and encourages another to commit the offense, or who agrees with the principal offender in committing the offense, though he may not have given such aid." It is stated in the opinion in that case that while this is the definition of an accomplice as given in article 79 of the Penal Code, that as used in article 741 of the Code of Criminal Procedure, an accomplice is any person who has participated in the commission of the crime, whether as principal offender, or as accessory, or in any other manner which makes him a particeps criminis. In considering this charge in that case Judge Hurt says: "There being no statement of facts, we are not able to determine whether the following charge (above quoted) was calculated to injure the defendant, but it is most evidently incorrect. There must have been some evidence that a witness in the case was an accomplice." And so in this case, while it must be conceded that the charge complained of is erroneous, are we justified in holding, in view of the entire charge, that it is such error as that we can, in the absence of the statement of facts, say and know was injurious and hurtful? It may be that if the statement of facts could be considered that there was such an utter absence of proof of system, or admission of such facts of guilt as to make the charge complained of wholly immaterial. We are not inclined to break away from, or extend the rule frequently announced in this court and in the Supreme Court for more than a generation, that in the absence of a statement of facts, we will and should presume in aid of the judgment of the court below, the regularity of the proceedings, the sufficiency of the proof, and decline to reverse in any case, unless the charge of the court so departs from the indictment as to make such error conclusive evidence of injury.

Holding these views it results that the motion should be overruled.

*Overruled.*