# APRIL 8, 1936

CLARANCE AGAN v. THE STATE.

No. 18105. Delivered April 8, 1936.

The opinion states the case.

*Seb F. Caldwell,* of Mt. Pleasant, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery and his punishment was assessed at confinement in the state penitentiary for a term of five years.

Appellant's first complaint is that the court erred in declining to sustain his motion to quash the indictment which, omitting the formal parts, reads as follows: "That on or about the 11th day of November, 1933, anterior to the presentment of this indictment, in the county and state aforesaid, Clarance Agan, did then and there unlawfully make an assault; and did then and there, by said assault, and by violence to the said W. E. Blackmon, and by putting the said W. E. Blackmon in fear of life and bodily injury, fraudulently and without consent of the said W. E. Blackmon, take from the person, and possession of him, the said W. E. Blackmon, one automobile, the same being the property of the said W. E. Blackmon, with the intent to deprive the said W. E. Blackmon of the value of the same and to appropriate the same to his, the said Clarance Agan, own use and benefit." A second count in said indictment charged appellant with the theft of said automobile and concluded with the words "against the peace and dignity of the State." It will be observed that there are some unnecessary averments in the indictment. The statutes does not include the term "without consent of the person" robbed. However, the inclusion of said matter does not vitiate the indictment and in support of our views we refer to the case of Flannagan v. State, 55 Texas Crim. Rep., 162.

The testimony as reflected by the record shows that W. E. Blackmon, the injured party, had theretofore purchased an

automobile from appellant on credit and agreed to pay appellant at some future time the sum of twenty-one dollars. The automobile was minus tires, top, battery, and steering wheel. Mr. Blackmon rebuilt and repaired it at an expense of approximately thirty-five or forty dollars and put it in a running condition. On the 11th day of November, 1933, he, the said Blackmon, accompanied by Mr. and Mrs. Metcalf and children, started on a visit to Oklahoma. The record shows that at that time the injured party still owed the appellant about twelve or sixteen dollars; that about eight p. m. on said date, after Blackmon and his companions had reached Lamar County the appellant, accompanied by two of his brothers, overtook them, stopped them, struck Blackmon, and ordered him to drive his automobile back to Titus County; that, upon arriving at Mt. Pleasant in Titus County, Blackmon, who was then suffering from the injuries inflicted upon him by the appellant, wanted to go see a doctor for the purpose of receiving medical treatment, which appellant refused to permit him to do; that when he, Blackmon, started to leave, appellant struck him again and made him re-enter the automobile with appellant; that under threats of having his throat cut with a knife by appellant Blackmon drove the car to appellant's home, where he, appellant, made Blackmon sign a transfer of the car and compelled him to leave the car in appellant's possession. The testimony shows that Blackmon's lower jaw was broken on both sides, which together with the assault upon him with a knife placed him, Blackmon, in fear of his life by reason of which he surrendered to appellant said automobile. Appellant's defense was that the car was turned over to him by Blackmon without force, threats, or compulsion to be held by him, the appellant, until paid for.

By bill of exception number one appellant complains of the action of the trial court in permitting Blackmon to testify as to what took place in Lamar County including the assault upon him by appellant. The objection urged to this testimony was that appellant was charged by indictment with having committed the alleged robbery in Titus County and not in Lamar County; that said testimony was not admissible for the purpose of proving the commission of the alleged crime in Titus County; that it was a distinct and separate offense and was highly prejudicial to him. We cannot agree with the appellant in his contention. The testimony shows that there was an assault by the appellant on Blackmon in Lamar County and there the assaulted party was ordered to return with the car to

Titus County; but the car was not taken from the possession of Blackmon until they reached Titus County where the final assault upon and the threat of bodily injury to Blackmon occurred. It is true that the assault upon and the restraint of Blackmon by appellant began in Lamar County and did not cease until after they had reached Mt. Pleasant in Titus County, where the final assault and injury was inflicted upon Blackmon by the appellant with the command that he deliver the car to appellant, and where the appellant obtained possession of the car. Therefore the offense of robbery took place in Titus County and not in Lamar County.

Bill of exception number two reflects the following occurrence. Dewey Metcalf and his wife, who rode in the car with Blackmon from Titus County to Lamar County and back to Titus County, testified that when they arrived at Mt. Pleasant they got out of the car and that Blackmon also got out declaring that he was going to see a doctor; that appellant knocked him down, whereupon they, Metcalf and wife, left the scene of the trouble for the purpose of calling officers to stop the trouble. The appellant objected to this testimony on the ground that it was a conclusion of the witness; that it did not tend to prove that the purpose of the assault was robbery, but was a separate and distinct offense. We cannot agree with the appellant. The testimony shows that an assault was being made by appellant on Blackmon and the act of the witnesses in going to town for the purpose of calling the officers was due to the promptings and natural impulses of law abiding citizens. We do not think this testimony was of such a prejudicial nature, in view of the fact that appellant admitted striking the injured party, as to require a reversal of this case.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.