WALTER TAYLOR V. THE STATE.

No. 19552.   Delivered March 16, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*J. Y. Gray* and *Alex P. Pope,* both of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The offense charged is possession of intoxicating liquor for the purpose of sale in a dry area, the punishment being a fine of $125.00.

Appellant entered a plea of guilty after his motion to quash the complaint and information had been acted upon unfavorably by the court. It seems that his motion to quash the complaint and information was based upon the proposition that the same failed to charge that the necessary averments showing that Cherokee County was a dry area had been incorporated therein, and that is the only proposition presented to us in the appellant's brief.

The information, which follows the complaint, alleges that an election was held on the 4th day of June, 1904, in Cherokee County, Texas, under authority of an order of the commissioners' court of said county, theretofore duly made and published as required by law to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and thereupon the commissioners' court of said county did pass an order declaring the result of said election, and prohibiting the sale of intoxicating liquors in said county, which order was duly entered of record in the minutes of said commissioners' court, and thereafter duly published for four consecutive weeks in a newspaper selected in a manner as required by law by the county judge of said county, which selection and publication was duly certified to by the county judge and entered on the minutes of said commissioners' court; and said law was in full force and effect in said county at the time of the taking effect of Section 20, Article 16, of the Constitution of the State of Texas, and has not been repealed; and that thereafter, on the 8th day of May, 1937, the appellant did unlawfully possess for the purpose of sale intoxicating liquor in said county.

Mr. BRANCH in his Annotated P. C., Section 1224, lays down the following rule:

"It is not necessary to allege in terms that the commissioners' court had declared the result of the election; an allegation that the commissioners' court had made an order prohibiting the sale of intoxicating liquors is. broad enough to embrace that proposition."

In support of this text there is cited Holloway v. State, 110 S. W. 745. We also cite, in support thereof, the opinion in Cause No. 19553, Melvin Thompson v. State, this day handed down. [Page 405 of this volume.]

In our opinion the complaint and information are sufficient to charge a violation of the liquor laws in Cherokee County.

We find some other matters attached to the statement of facts which appear to be original bills of exception. We can not consider same because they are not certified to by the clerk, but seem to be original themselves sent up for our consideration, and if filed in the proper place and at the proper time they should be incorporated in the transcript rather than the statement of facts.

Finding no error in the record, the judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The identical questions presented herein were considered in the opinion on motion for rehearing in the case of Melvin Thompson, No. 19553, opinion this day delivered [page 405 of this volume], and decided adversely to appellant's contentions. We deem it unnecessary to reiterate the reasons there given in support of our conclusion.

Appellant's motion for rehearing is overruled.