## ORENE TROUTMAN V. THE STATE.

No. 19555.   Delivered March 23, 1938.
Request to file motion for rehearing denied April 20, 1938.

The opinion states the case.

*J. Y. Gray* and *Alex P. Pope,* both of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling whisky in a dry area; the punishment, a fine of $150.00 and thirty days' confinement in jail.

Porter L. Williams, an inspector of the Texas Liquor Control Board, testified that on the 17th day of May, 1937, he went to appellant's home and bought a pint of whisky from her. The proof on the part of the State was sufficient to show that Cherokee County was a dry area.

The complaint and information failed to allege in terms that the commissioners' court had canvassed the returns of the election and declared the result. However, we find an averment therein as follows: "And thereupon the commissioners' court of said county aforesaid, did pass an order declaring the result of said election, and prohibiting the sale of intoxicating liquors in said Cherokee County, Texas."

We·quote from Branch's Ann. P. C., Sec. 1224, as follows: "It is not necessary to allege in terms that the commissioners' court had declared the result of the election; an allegation that the commissioners' court had made an order prohibiting the sale of intoxicating liquors is broad enough to embrace that proposition."

In support of the text many authorities are cited, among them being Holloway v. State, 110 S. W. 745.

We are constrained to hold that it was sufficiently averred that the sale of intoxicating liquor had been prohibited.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON REQUEST TO FILE MOTION FOR REHEARING.

HAWKINS, JUDGE.—The original opinion herein was delivered on the 23d day of March, 1938. The time within which to file motion for rehearing expired on the 7th day of April. Appellant on the 15th day of April requests this Court to grant him leave to now file a motion for rehearing, accompanying such request with an affidavit from one of his attorneys to the effect that on April 4th he mailed a motion for rehearing to the clerk of this Court which in due course of mail should have been received on April 5th, but that without fault of appellant said motion never reached this Court.

It is not made known upon what ground appellant relied for a rehearing in the alleged lost motion; no copy thereof accompanies the present request, nor is it made known in any way upon what legal questions, if any, appellant relies; no showing

is made that appellant has any meritorious grounds upon which his proposed motion would be or was predicated.

Under the circumstances we are constrained to deny the request.