## B. A. WILCOXSON V. THE STATE.

No. 19614. Delivered April 6, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

*Smith & Dowdy,* of McKinney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky in a dry area for the purpose of sale; the punishment, a fine of $100.00.

The complaint and information fail to allege in terms that the commissioners' court had canvassed the returns of the election and declared the result. However, we find an averment therein as follows: "And thereupon the commissioners' court of said county aforesaid did pass an order declaring the result of said election, and prohibiting the sale of intoxicating liquors in said County of Collin." We quote from Branch's Ann. P. C., Sec. 1224, as follows: "It is not necessary to allege in terms that the commissioners' court had declared the result of the election; an allegation that the commissioners' court had made an order prohibiting the sale of intoxicating liquors is broad enough to embrace that proposition."

In support of the text many authorities are cited, among them being Holloway v. State, 110 S. W. 745.

In support of his contention that the complaint is insufficient in that it is not alleged therein that the commissioners' court canvassed the returns, appellant cites the following cases: Kelly v. State, 98 S. W. (2d) 998; Brooks v. State, 98 S. W. (2d) 999; Bairrington v. State, 104 S. W. (2d) 861; Wilkinson v. State, 101 S. W. (2d) 569; Jackson v. State, 111 S. W. (2d) 256.

In Jackson's case it is shown that the complaint and information failed to embrace allegations that the commissioners' court canvassed the election returns and declared the result, and further that the declaration had been published as required by law. The last mentioned averment is essential and the complaint was invalid because of its omission. It does not appear from the opinion whether there was an averment that the commissioners' court had made an order prohibiting the sale of intoxicating liquor. If such averment were present it was sufficient under Holloway v. State, supra, that is to say, it was not necessary to allege in terms that the returns had been canvassed and the result declared. In Wilkinson v. State, supra, it was merely alleged that an election had been held prohibiting the sale of intoxicating liquor. In Bairrington v. State, supra, there was no averment in the complaint that the result of the election had been published as required by law. It is not shown in the opinion whether there was an averment in the complaint that the commissioners' court passed an order declaring the result of

the election and prohibiting the sale of intoxicating liquor. In Brooks v. State, supra, it was merely alleged that the sale of intoxicating liquor had been prohibited by a valid local option election. In Kelly v. State, supra, it is shown that the complaint merely alleged that the sale of intoxicating liquor had been prohibited.

Holloway v. State, supra, was consistently followed by this Court until the time of the adoption of the amendment to the Constitution adopting State-wide prohibition. See Wright v. State, 203 S. W. 775. On the point in question it was not intended by the Court in the cases to which appellant has referred us to overrule the announcement in the prior decisions to the effect that it is unnecessary to allege in terms that the result of the election had been declared by the commissioners' court provided the complaint embraced an averment that an order had been made prohibiting the sale of intoxicating liquor.

Appellant contends that local option is not in effect in Collin County for the reason that no election has been held prohibiting the sale of intoxicating liquor therein since the enactment of the present law changing the penalty that was in effect in local option territory prior to the adoption of State-wide prohibition. We deem appellant's position to be untenable. In the case of Ferguson v. State, 110 S. W. (2d) 61, this Court said:

"We call attention to the fact that, in the constitutional amendment of 1935, Article 16, Section 20, subd. (c) thereof expressly provided that in all territory wherein the sale of intoxicating liquor had been prohibited by local option elections, held prior to the taking effect of said Section 20 as amended in 1919, it should continue to be unlawful to sell, barter, etc., such liquor, unless and until such legal status became different as a result of some future local option election held in such territory. That the people had the right and power to so enact by their majority popular vote would hardly be questioned. This merely fixed the status of the territory affected."

See, also, Teal v. State, 90 S. W. (2d) 651.

It appears that Collin County was a dry area prior to the adoption of State-wide prohibition. Its status in the respect mentioned has not been changed. The prosecution was not under the old local option law, but under the present Liquor Control Act which fixes the penalty for the sale, possession, etc., of intoxicating liquor in dry area. We see no need of further discussing appellant's contention that the Legislature was without power to prescribe penalties for a violation of the local option law varying from the penalties in effect in local option territory

prior to the adoption of State-wide prohibition. We are unable to agree with appellant.

Appellant contends that the evidence is insufficient to support the conviction, his position being that it is not shown that he was the owner of the filling station in which officers discovered a quantity of whisky. The proof on the part of the State was to the effect that appellant and another man worked in said filling station. There was no evidence that any other persons had at any time been in charge of said station. On various occasions the officers had seen appellant and his companion at the station servicing cars, selling drinks and receiving the money therefor. On the occasion of the search appellant was in the station and apparently in charge of it. The whisky was found under the floor in a room adjoining the office. We think the proof sufficient to warrant the conclusion that appellant was in possession of said whisky.

The remainder of appellant's contentions have been examined and are deemed to be without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant's motion is mainly but a reiteration of the matters set forth in his original brief herein, which have been taken up and considered in the original opinion herein. We think that opinion correctly decided such issues, and the motion for a rehearing will be overruled.