### WILCOXSON v. STATE.
### No. 19613.

Court of Criminal Appeals of Texas.
April 6, 1938.

Rehearing Denied May 18, 1938.

Smith & Dowdy, of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Conviction is for possession of intoxicating liquor in dry area for purpose of sale; the punishment, a fine of $100.

The record shows that on March 6, 1937, two constables of Collin county, acting under the authority of a search warrant, found over two cases of beer on appellant's premises. The state proved by a chemist that the beer was intoxicating. The county attorney testified that the warrant under which the officers acted was issued around 1:30 p. m. of said day, and the officers testified that it was executed sometime that afternoon.

Appellant has raised the same questions in this record that he raised in a companion case, this day handed down, but not yet reported [in State Report]. See Wilcoxson v. State, 116 S.W.2d 404. Owing to an adequate disposition made of them in that opinion, it is not deemed necessary to again discuss them.

By bills of exceptions Nos. 3, 4, and 5, appellant complains of the admission in evidence of what the officers found as a result of the search of his premises. The basis for his objection seems to be that the law authorizing the issuance of such search warrant was not in effect at the time the officers made the search; consequently he maintains that the search was illegal and evidence obtained as a result thereof was not admissible against him. The record shows that the warrant in question was issued and executed on the afternoon of March 6. The law in question became effective on said date. It is a matter of common knowledge that the beginning of a new day is effective at a fraction of a second past midnight. See Muckenfuss v. State, 55 Tex.Cr.R. 229, 116 S.W. 51, 20 L.R.A.,N.S., 783, 131 Am.St.Rep. 813, 16 Ann.Cas. 768. March 6 was well on its way to becoming March 7 before the warrant in question was ever issued. The law being in effect at the time the warrant was issued and the officers acting in pursuance of said law and complying therewith, the result of the search was admissible in evidence. We therefore overrule appellant's contention.

He also maintains in his amended motion for a new trial that the information should have alleged that appellant had possession of the beer in question for "beverage purposes." Such an allegation in the information is not necessary. All that is required under the law is that there be an averment that he possessed the liquor for the purpose of sale; the added phrase "for beverage purposes" would be surplusage. Appellant was found in possession of more than a quart of intoxicating liquor. Such, under the law, was prima facie evidence that he had it for the purpose of sale.

All other matters complained of have been considered by us and are deemed to be without merit.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Appellant's Motion for Rehearing.

CHRISTIAN, Judge.

In his motion for rehearing appellant contends that the testimony of the officers touching the result of the search should not have been received in the absence of a showing by the state that House Bill No. 432, c. 32, p. 43, enacted by the 45th Legislature at the Regular Session, Vernon's Ann.P.C. art. 666—50, had become effective at the time the search warrant was issued. Said bill was approved by the Governor at 11:35 a. m., March 6, 1937, and filed in the office of the Secretary of State at 12 noon on the same date. The magistrate testified that the complaint was filed and the search warrant issued after 1 p. m., March 6, 1937. The search was made under the warrant about 3 p. m. on the same date. Manifestly, the law had become effective prior to the time the search warrant was issued. It follows that appellant's objection to the testimony of the officers was not well taken.

We have re-examined the record in the light of appellant's motion for rehearing and are constrained to hold that reversible error is not presented.

The motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.