# B. A. Wilcoxson and John Terrell Hartman v. The State.

No. 19616.   Delivered April 13, 1938.
Rehearing denied June 8, 1938.

The opinion states the case.

*Smith & Dowdy,* of McKinney, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for possession of liquor for purposes of sale in dry area; punishment a fine of $100.00 each.

The record shows that officers of Collin County, armed with a search warrant, searched appellant's filling station. The deputy sheriff found nearly two cases of beer inside the filling station, a public place. The sheriff found another case in an automobile just outside the station; a deputy constable found a pint of blackberry liquor about two hundred feet south of the filling station across the highway, and a half-pint of Paul Jones whisky about one hundred feet from the toilet, located about a hundred feet from the station. He also found two half-pint bottles of 5-O'clock gin about two hundred feet southwest of the filling station and a hundred feet from the highway. A constable found two bottles of Cream of Kentucky whisky about one hundred feet south of the filling station across the highway. When they arrived at the station, they saw a man inside drinking a can of beer. J. T. Hartman, one of the appellants, was some distance away but the other appellant, B. A. Wilcoxson, was not there. The State proved by a chemist that the beer and whisky were intoxicating. Appellants did not testify or offer any affirmative defense.

A number of the questions raised by appellants are similar in every respect to those raised in the companion cases of B. A. Wilcoxson v. State, Causes Nos. 19613 and 19614, handed down by this Court last week and not yet reported. [134 Texas Crim. Rep. 586 and 134 Texas Crim. Rep. 588.] We do not deem it necessary to again discuss them, but refer to the opinions there rendered.

Bills of exceptions numbers six and nine complain of the introduction in evidence of the liquor found by the various officers, not in the filling station but around the premises and on land not in the possession or control of the appellants. Their position seems to be that since the warrant only called for a search of the station, evidence obtained by a search of the surrounding premises, not a part of appellants' property and on land over which they had no possession or control, was inadmissible against them.

A review of the testimony shows that around two cases of beer was found inside the station. Another case, which J. T. Hartman, one of the appellants, admitted was his, was found in a car just outside the station. This made a total recovery of nearly three cases of beer. Under the law in effect at that

time, possession of more than a quart of intoxicants was prima facie evidence of possession for purpose of sale. We note from an inspection of the punishment assessed against appellants that they received the lowest punishment allotted by law for such offense. Consequently, it is not necessary to enter upon a discussion of the admissibility of such evidence. The finding of the beer itself was prima facie evidence upon which the court could find them guilty of the offense charged, and their cause could not have been harmed by the admission in evidence of the finding of the whisky on premises not under their control, since they only received the lowest penalty prescribed by the law for such offense.

Bills of exceptions numbers seven and eight complain of the introduction in evidence of the testimony of the officers showing what they found as a result of the search of a car located just outside the filling station. Their grounds for objection seems to be that the warrant only called for a search of the station and that the search of the car was illegal; that said car did not belong to either of the appellants. We note from the record that one of the appellants, J. T. Hartman, admitted that the beer was his when the officers pulled it out of the car. Moreover, the car was on the premises and the officers had probable cause to search it.

Appellants, in an amended motion for a new trial, complain because one of the defendants, B. A. Wilcoxson, was not present at the time of the raid by the officers; that it was not shown that he had any control or possession of said building or premises. The record reveals that Tom Lovell, a witness for the State, testified that he rented the station to Wilcoxson and that while he did not rent the surrounding land to him, Wilcoxson was impliedly given permission to use said premises as he might see fit, including the toilet some distance from the station.

We deem such possession on the part of appellant sufficient to connect him with the offense.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellants again complain because the complaint and information do not specify what kind of intoxi-

cating liquors were possessed for sale purposes by appellants. These pleadings do allege that such appellants possessed intoxicating liquors for such sale purposes, "to-wit: a liquor containing alcohol in excess of one half of one per centum by volume," etc.

We note that Article 666-4(b) Vernon's Texas Statutes 1936, Penal Code, says: "It shall be unlawful for any person to manufacture, sell, transport or possess for the purpose of sale, in any dry area, under this or any other act, in this State any liquor containing alcohol in excess of one half (½) of one per centum (1%) by volume * * *."

It occurs to us that the words "intoxicating liquors" are mere surplusage and can be eliminated, and the information still charge an offense denounced by the above law.

Appellants again urge the proposition relative to the commissioners' court canvassing the returns not being alleged in the complaint and information. The opinion of Judge CHRISTIAN in the case of Wilcoxson v. State, Cause No. 19614 [134 Texas Crim. Rep. 588], takes up some of the cases relied upon by appellants herein, and fully discusses this proposition. The Holloway case, 110 S. W. 745, is sound authority for the proposition that an allegation that the commissioners' court had declared the result of the local option election, and had passed their order prohibiting the sale of such liquors, carried with it the necessary implication that such returns had been properly canvassed by said court. This matter has been gone into thoroughly in the opinion of Judge CHRISTIAN above referred to.

Other matters complained of herein have been decided against appellants' contention in various cases from this same county recently, and no useful purpose will be served in again writing thereon.

The motion will be overruled.