FOUNT JONES v. THE STATE.

No. 18528. Delivered November 4, 1936.

The opinion states the case.

*Tom L. Robinson,* of Gatesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—The conviction is for the possession for the purpose of sale of whisky in a dry territory; punishment, a fine of $100.00 and ten days' imprisonment in the county jail.

This is a conviction for a violation of the provisions of Chap. 467, Acts of the Second Called Session, 44th Legislature. Appellant was charged with possessing whisky for the purpose of sale in a dry area, to-wit: Hamilton County. Section 23-a of said chapter makes it unlawful for any person to possess intoxicating liquor for the purpose of sale in any dry area. Passing up any other questions that may be raised in the

record, our attention is called to the fact that the information in this case does not charge appellant with possessing such liquor for the purpose of sale, but merely charges him with the possession of liquor. We find nothing in the statute which, under any circumstances, penalizes a person who lives in such territory merely for possessing intoxicating liquor. Such possession must be for the purpose of sale. The information being fatally defective in this record, we are compelled to reverse the case. We find the complaint does charge appellant with possessing such liquor for the purpose of sale. The complaint itself is doubtful, but we do not at this time pass on same. It would be better if the complaint followed the averments of that in No. 18523, Claude Privitt v. State, opinion this day handed down. (Reported on page 342 of this volume). The prosecution will not be dismissed because a new information may be filed upon the complaint.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*