resulted from the loss of blood, certainly such fact should have been proven. As the record stands, the physician merely expressed the opinion that the wound caused the death of deceased. He stated no fact upon which he based his opinion. This being true, and the testimony in its entirety showing that death might have resulted from the infected finger, we are unwilling to let the verdict stand.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

The indictment is fatally defective. It merely charged that appellant possessed whisky for the purpose of sale in Cherokee county, Tex., and that said county was "dry area."

It has been held many times that such an averment is not sufficient to show that local option was in effect in the territory where the transaction is alleged to have occurred. See Whitmire v. State (Tex. Cr.App.) 94 S.W.(2d) 742; Schmidt v. State (Tex.Cr.App.) 94 S.W.(2d) 743; Coleman v. State (Tex.Cr.App.) 97 S.W. (2d) 701; Privitt v. State (Tex.Cr.App.) 98 S.W.(2d) 204; Clepper v. State (Tex. Cr.App.) 98 S.W.(2d) 207; Jones v. State. (Tex.Cr.App.) 98 S.W.(2d) 208.

Judgment is reversed and prosecution ordered dismissed.

HAWKINS, Judge.

Conviction is for possessing for the purpose of sale intoxicating liquor in dry area, punishment assessed being a fine of $100.