BILL STEWART V. THE STATE.

*No. 894. Decided January 29th, 1896.*

**Local Option—Indictment or Information For.**

An indictment or information for a violation of a local option law, to be sufficient, must allege, (1) That the election was held in accordance with the laws of the State.

(2) That an order for the election was made; and due publication of the same made. (3) That local option was voted upon at said election in the district or subdivision. (4) That the result was declared by the Commissioners' Court. (5) That publication was made in order to put it in force.

APPEAL from the County Court of Collin. Tried below before Hon. M. G. ABERNATHY, County Judge.

This appeal is from a conviction under an information for a violation of the local option law, in a subdivision of Collin county, the punishment assessed being imprisonment for twenty days in the county jail and a fine of $50.

The charging part of the information is set out in the opinion.

A motion to quash the information was overruled in the trial court.

*Smith, Evans & Terrell, M. H. Garnett* and *J. M. Pearson,* for appellant.—There is no charge in the information that any election had been held; that the court had met and opened the polls and counted the votes, and that it had entered its order declaring the result, nor that the order of said court had ever been published in any manner so as to put said law into operation. The first ground for a motion for a new trial called this error to the attention of the court. Will. Crim. Forms, 257 and 258.

It is necessary to the validity of an information for the offense attempted to be charged to set out such orders of the court to distinguish the same from a sale under some act of the legislature within certain territory in the vicinity of certain schools, colleges, etc., which would equally come within the charge of selling within a prohibited district. State v. Heldt, 41 Texas, 220; Ryan v. State, 32 Texas, 280.

The order of the court nowhere states the purpose for which the election is to be held, and to arrive at their intention one must go to their reasons. Barnett v. Caruth, 22 Texas, 173; Eastleman v. Sallis, 60 Texas, 576; Burk v. Table Mountain Co., 12 Cal., 408; Davidson v. Carroll, 23 La., 108; Freeman on Judgments, 3rd Ed., § 2; Kramer v. Redman, 9 Iowa, 114; Gregory v. Nelson, 41 Cal., 278; Amer. and Eng. Ency. of Law, Vol. 12, p. 60.

The effect of a local option election, when it results in favor of the measure, is legislative, and the notice required by the Constitution must be given to enact a valid law. Constitution, Art. 3, Sec. 57.

Where local option results favorably to prohibition, its effect within the territory in question is legislative—law-making; and therefore every provision of the act authorizing this character of legislation should and must be strictly followed. Boone v. State, 10 Tex. Crim. App. 420; Furrh v. State, 6 Tex. Civ. App., 221; Prather v. State, 12 Tex. Crim. App., 401.

The local option law, being for a particular locality only, it is a quasi local or special law, and depends for its validity upon its adoption in strict conformity with the law permitting its adoption. Ex Parte Kramer, 19 Tex. Crim. App., 125; Donaldson v. State, 15 Tex. Crim.

App., 25; Boone v. State, 10 Tex. Crim. App., 418; Furrh v. State, 6 Tex. Civ. App. 221; Aiken v. State, 14 Tex. Crim. App., 142; McMillan v. State, 18 Tex. Crim. App., 375; Stallworth v. State, 18 Tex. Crim. App., 378.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant was convicted for violating the local option law. The information charges that the appellant, "on the 7th of October, 1895, and within the following described subdivision of Collin County, to-wit: [giving a description, by metes and bounds, of a certain portion of Collin County], did then and there unlawfully sell to Charley Wrenn intoxicating liquors; the sale of intoxicating liquors having theretofore, and being then and there, prohibited in said subdivision under and by the laws of said State." This constitutes the entire charging part of the information. A motion to quash the information was made by the appellant, on the ground that it was insufficient, as it did not charge any offense against the laws of the State of Texas. Before the local option law can be put into operation in a given territory, an election for that purpose must be held in accordance with the laws of this State. It is thus made a part of the description and definition of the offense that the election declaring prohibition shall have been held in accordance with the laws of the State of Texas; and in order, therefore, to convict a person of this offense, it must be alleged and proved that the election was so held. It must further be alleged that the order was made for that purpose, and due publication made as required by the statute. It is just as essential to allege and prove these constituent elements of this offense as it is to allege and prove the sale of the intoxicating liquors. While the act under which local option is authorized to be voted on is general yet it is so voted on in localities, and put into operation by special acts of legislation in the particular localities; and it is a general rule that courts do not take cognizance of such special acts of legislation, and in such cases such special acts must be alleged. In the case before us this was not done. The indictment does not inform us that local option was ever voted on in the metes and bounds, as alleged, in Collin County, nor that the result was ever declared by the Commissioners' Court, nor that the further step or publication was ever made, in order to put it in force. This should have been done, and because it was not done the court below should have quashed the indictment. See Sedberry v. State, 14 Tex. Crim. App., 233; Prather v. State, 12 Tex. Crim. App., 401. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and Dismissed.*