### S. A. HALL v. THE STATE.

*No. 836.    Decided February 24th, 1897.*

**Local Option—Blind Tiger—Information—Sufficiency of.**

To be sufficient an information for a violation of local option, by running a "blind
tiger," must allege, that a local option election had been held in the prohibited dis-
trict; that the County Commissioners' Court had declared the result, and that pub-
lication was made to put the same in force; otherwise, the information is fatally de-
fective. Following, Stewart v. State, 35 Tex. Crim. Rep., 392.

APPEAL from the County Court of Dallas. Tried below before Hon.
THOMAS F. NASH.

Appeal from a conviction for violation of local option; penalty, a
fine of $100 and two months' imprisonment in the county jail.

No statement necessary.

*Miller & Williams*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of a violation of the
local option law and appeals. Omitting the formal allegations, the in-
formation charges that defendant "did unlawfully, in the town of Lan-
caster, keep and run, and was interested in keeping and running, a
blind tiger, the same being a place then and there situate where intoxi-
cating liquors were sold by device, whereby the person selling and de-
livering the intoxicating liquors was concealed from the person buying
and receiving the same; the sale of intoxicating liquors in said town of
Lancaster having been theretofore, and was then, prohibited in said town
of Lancaster by the law of said State." This is the first count in the
indictment. The second count defectively seeks to charge an ordinary
violation of the local option law, by selling intoxicating liquors. Ap-

pellant was convicted under the first count. This information is fatally defective. It will be observed from an inspection of it that it nowhere alleges that the election was ever held in said town of Lancaster, or that the Commissioners' Court had declared the result, or that publication was ever made in order to put the same in force. These matters are necessary averments in an indictment or information charging a violation of the local option law. This same question was decided in Stewart v. State, 35 Tex. Crim. Rep., 392; and also see, Alford v. State (Tex. Crim. App.), 35 S. W. Rep., 657. The judgment is reversed, and the prosecution ordered dismissed.

*Ordered Dismissed.*