## J. H. WHITMIRE v. THE STATE.

No. 18329. Delivered May 20, 1936.

The opinion states the case.

*Claude Miller* and *Joe W. Taylor,* both of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing whisky for sale in dry territory, punishment assessed being sixty days in jail.

The information averred that appellant possessed whisky for the purpose of sale "in a dry area, to-wit: Hill County, Texas."

The averment is not sufficient to show a violation of the law, in that it fails to allege that an election was held and that the result thereof was such as to prohibit the act complained of. By recent Constitutional Amendments and statutory enactments thereunder practically the status of what was formerly called the "local option" law has been restored, so far as the procedure in prosecutions under the present laws is concerned.

Forms for indictments or informations thereunder which have been approved in many cases will be found in Wilson's Texas Crim. Forms, 4th Ed., Form No. 314, p. 169, and in Branch's Ann. Texas P. C., Sec. 1220, page 689. Many authorities are cited under each reference holding good indictments under the forms prescribed.

We call attention of prosecutors and trial judges to the fact that the description in the indictment or information of the liquor dealt with in some localities must be kept in mind because in some places in the State under our present laws a given location may be a "dry area" (as now designated) so far as the sale, etc., of spirituous intoxicating liquor is concerned, and at the same time be "wet area" as it relates to sales, etc., of malt liquor, although such liquor may be intoxicating.

Because of defective pleading on the part of the State, the judgment must be reversed and the prosecution ordered dismissed under the present complaint and information.

*Reversed and prosecution ordered dismissed.*