## MRS. OMA COLEMAN V. THE STATE.

No. 18484. Delivered October 28, 1936.

The opinion states the case.

*R. Temple Dickson,* of Sweetwater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the possession for the purpose of sale of whisky in a dry territory; penalty assessed at a fine of $250.00.

The offense is prescribed in Article 666-23a, P. C. See Vernon's Ann. Tex. P. C., Vol. 1, 1936 Supplement, p. 177.

The information is under attack, the charging part of which reads as follows:

"* * * did then and there unlawfully possess liquor, to-wit: whisky, for the purpose of sale, the said Nolan County, being then and there a County wherein the sale and possession for the purpose of sale of intoxicating liquor, other than beer containing not more alcohol than 4 per centum by weight, had been prohibited by valid local option election, held prior to the taking effect of Section 20, Article XVI, Constitution of Texas in 1919, against the peace and dignity of the State."

It is claimed that the foregoing allegations are not sufficient to show that Nolan County was in a local option territory as to authorize the prosecution. However, the State contends that the allegation: "had been prohibited by valid local option election, held prior to the taking effect of Section 20, Article XVI, Constitution of Texas in 1919" was sufficient to charge that in Nolan County the sale of intoxicating liquor had been prohibited, and that under this prosecution said County was a "dry area" within the terms and meaning of the article mentioned above.

In Whitmire v. State (130 Texas Crim. Rep., 372), 94 S. W. (2d) 742, this court, in holding that an information which alleged that the county was a "dry area" was insufficient, used the following language:

"By recent Constitutional Amendments (art. 16, sec. 20) and statutory enactments (Vernon's Ann. P. C., art. 666-1 et seq; art. 667-1 et seq.) thereunder practically the status of what was formerly called the 'local option' law has been restored, so far as the procedure in prosecutions under the present laws is concerned."

Under the so-called "local option" law referred to, it was necessary that the information allege not only that an election had been held but that it also show the result of the election and the publication of the order putting "local option" into effect. See Alford v. State, 35 S. W., 568; Hall v. State, 39 S. W., 117; Stewart v. State, 35 Texas Crim. Rep., 391; 33 S. W., 1081.

In the Whitmire case, supra, this court called attention to where forms for indictments or informations under our present law would be found. In the forms referred to it will be noted that the allegations covering the above matters are contained.

The information in the instant case failing to contain the necessary allegations, we are constrained to hold that the same is insufficient to charge an offense.

The judgment is therefore reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*