LINK GREENWAY V. THE STATE.

No. 18594.   Delivered November 18, 1936.

The opinion states the case.

*W. J. Arrington,* of Hamlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of possessing intoxicating liquors containing alcohol in excess of one-half of one per centum by volume, for the purpose of sale, and his punishment was assessed at a fine of $150.00 and confinement in the county jail for a term of six months.

The information, omitting the formal parts, charges that on or about the 18th day of April, A. D. 1936, Link Greenway did then and there unlawfully, and before the making and filing of the complaint herein filed, possess for the purpose of sale intoxicating liquors, a liquor containing alcohol in excess of one-half of one per centum by volume, the possession of such liquor for the purpose of sale in said Jones County, having been theretofore and was then and there prohibited in Jones County, Texas, by the laws of said State, contrary to the statutes in such cases made and provided and against the peace and dignity of the State.

Since the repeal of Art. 16 of the Amendment to the Constitution of this State the sale of intoxicating liquors is not a violation of the law where the seller has a permit or license to engage in said business unless the county or political subdivision thereof in which said liquors are sold had prior to the adoption of said constitutional amendment or since its repeal, by a majority vote of the qualified voters of such county

or political subdivision thereof at an election held for that purpose voted to prohibit the sale of such liquors. In the absence of an allegation showing that the statute of what was formerly called the "local option" was in force at the time of the commission of the alleged offense, the information is insufficient. See Whitmire v. State, 94 S. W. (2d) 742; Schmidt v. State, 94 S. W. (2d) 743; Privitt v. State, decided November 12, 1936, but not yet reported (page 342 of this volume), where the question is fully discussed.

It is therefore ordered that the judgment of the trial court be reversed and the prosecution dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.