JACK KELLY V. THE STATE.

No. 18585.   Delivered November 18, 1936.

The opinion states the case.

*Anderson & Jones,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the sale of whisky in a dry area; penalty assessed at a fine of $250.00 and confinement in the county jail for a period of ninety days.

Counts 1 and 3 of the information present the complaint against the accused.   In each of the counts relied upon by the State there is a failure to comply with the statutory requirements with reference to an indictment or information.   The law touching the requisites of a complaint or information in a prosecution of the present character is of long standing and has often been made the subject of comment in the opinions of this court in many cases, some of them being recent.   See Whitmire v. State, 94 S. W. (2d) 742.   In view of the fact that the pleaders have in the present case, as well as in others, failed to comply with the statutory demands with reference to the sufficiency of indictments or informations in cases such as that under consideration, we restate the proper procedure.

The averment in the information that the sale of intoxicating liquor has been prohibited and declared is purely the conclusion of the pleader.   There are three things which must

occur before the sale of intoxicating liquor can be prohibited under the Local Option Law. First, an election to determine whether the sale shall be prohibited must be held under an order of the commissioners' court for that purpose. Second, after the election is held, the commissioners' court must canvass the election returns and declare the result. Third, the result must be published as required by the law in force at the time of the election. Until these three things are done, there is no law prohibiting the sale of intoxicating liquor in the county or district. It therefore follows that these things must be averred in the information to show that the sale of intoxicating liquor had been prohibited.

In the case before us, the information is in substance the same as that condemned in the Whitmire case, supra. Upon the reasons and authority there stated, the judgment in the instant case is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*