# NOVEMBER 25, 1936

### HORACE BROOKS V. THE STATE.

No. 18588.   Delivered November 25, 1936.

The opinion states the case.

*Jno. M. Hatter,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of selling whisky in dry territory, and his punishment was assessed at a fine of $100.00.

The information, omitting the formal parts, charges "that Horace Brooks on or about the 13th day of February, A. D. 1936, and before the making and filing of this information in the County of Ellis, State of Texas, did then and there unlawfully sell to Fred Moore a spirituous liquor, to-wit: whisky, a liquor containing in excess of one-half of one per centum by volume, in a dry area, to-wit: Ellis County, Texas, where the sale of intoxicating liquors has been prohibited by valid local option elections held under the laws of the State of Texas in the year 1906 and in force at the time of taking effect of Section 20, Article XVI, Constitution of Texas, and wherein said particular type of liquor has not been legalized by local option election since said time," etc.

The averment in the information that the sale of intoxicating liquor has been prohibited in Ellis County, Texas, by a valid local opition election held in the year 1908 is but a mere conclusion of the pleader and is not the statement of a fact or facts showing that the necessary steps required by law had been followed so as to constitute said election a legal one.

In the case of Kelly v. State, decided by this court on November 18, 1936, but not yet reported (reported on page 318 of this volume), this court speaking through Presiding Judge Morrow said:

"There are three things which must occur before the sale of intoxicating liquor can be prohibited under the Local Option Law. First, an election to determine whether the sale shall

be prohibited must be held under an order of the commissioners' court for that purpose. Second, after the election is held, the commissioners' court must canvass the elections returns and declare the result. Third, the result must be published as required by the law in force at the time of the election. Until these three things are done, there is no law prohibiting the sale of intoxicating liquor in the county or district. It therefore follows that these things must be averred in the information to show that the sale of intoxicating liquor had been prohibited."

See, also, Privitt v. State, No. 18,523, decided by this court November 4, 1936, but not yet reported (reported on page 342 of this volume), for an approved form of an information.

See, also, Whitmire v. State, 94 S. W. (2d) 742.

For the reasons stated and upon the authorities cited, the judgment of the trial court is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.