R. L. McKINNEY v. THE STATE.

No. 18676.    Delivered December 9, 1936.
State's Rehearing Denied (Without Written Opinion) January 13, 1937.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; punishment being assessed at a fine of $200 and confinement in jail for 60 days.

The complaint and information embrace two counts. Omitting the formal parts, the first count reads as follows:

"R. L. McKinney * * * did then and there unlawfully sell to J. W. Coats spirituous liquor containing alcohol in excess of one-half of one per centum by volume, the sale of such liquor in said Taylor County, Texas, having been theretofore, and was then prohibited in said Taylor County, Texas, by the laws of said state."

The second count contains the same averments as the first count, except that it is alleged that the liquor was sold to Porter Williams.

It is not sufficiently alleged in either count that the sale of intoxicating liquor had been prohibited in Taylor County. We quote from Jack Kelly v. State, Opinion No. 18,585, delivered November 18, 1936 (reported on page 318 of this volume):

"There are three things which must occur before the sale of intoxicating liquor can be prohibited under the Local Option Law.  First, an election to determine whether the sale shall be prohibited must be held under an order of the commission-

ers' court for that purpose. Second, after the election is held, the commissioners' court must canvass the election returns and declare the result. Third, the result must be published as required by the law in force at the time of the election. Until these three things are done, there is no law prohibiting the sale of intoxicating liquor in the county or district. It therefore follows that these things must be averred in the information to show that the sale of intoxicating liquor had been prohibited."

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.