there is an absence of injury, and a reversal should not result from the action taken."

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, Judge.

In his motion for rehearing appellant urges that we were wrong in holding the refusal of appellant's application for continuance not hurtfully erroneous. We have carefully gone over the record and are but confirmed in our conclusion that the testimony of the absent witnesses would have been but cumulative, and that our judgment of affirmance was correct.

Appellant's motion for rehearing is overruled.

## MALCHOFF v. STATE.
### No. 18649.

Court of Criminal Appeals of Texas.
Dec. 16, 1936.

Carl Runge and Glenn Capps, both of Mason, and Early & Johnson, of Brownwood, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of violating the liquor laws of this state, and her punishment was assessed at a fine of $100.

Omitting the formal parts, the information reads as follows: "That one Mrs. John Malchoff did then and there unlawfully sell to L. E. Morris one pint of whiskey (Crab Orchard Brand) of liquor in a dry area, to-wit in the County of Coleman and State of Texas."

The information fails to charge an offense under authority of the case of Whitmire v. State (Tex.Cr.App.) 94 S.W. (2d) 742. See, also, Kelly v. State (Tex. Cr.App.) 98 S.W.(2d) 998, decided November 18, 1936, and Privitt v. State, (Tex.Cr.App.) 98 S.W.(2d) 204, decided November 4, 1936 (but not yet reported [in State Reports]).

Therefore the judgment of the trial court is reversed and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.