## MAGEE v. STATE.
### No. 18660.

Court of Criminal Appeals of Texas.

Jan. 20, 1937.

J. Mitch Johnson, of San Saba, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession for the purpose of sale in a dry area of liquor containing alcohol in excess of 4 per cent. by weight; penalty assessed at a fine of $100.

The state's attorney before this court concedes that the information is insufficient to charge an offense under the authority of Whitmire v. State (Tex.Cr. App.) 94 S.W.(2d) 742, in which case the holding was to the effect that the information must allege that an election had been held in the particular county which resulted in the prohibition of the act charged. The principle announced has been followed in several recent cases; namely, Grady v. State (Tex.Cr.App.) 97 S.W.(2d) 472; Coleman v. State (Tex.Cr.App.) 97 S.W. (2d) 701; Johnson v. State (Tex.Cr.App.) 95 S.W.(2d) 419; Kelly v. State (Tex.Cr. App.) 98 S.W.(2d) 998. See, also, Privitt v. State (Tex.Cr.App.) 98 S.W.(2d) 204.

For the reason stated, the judgment is reversed and the prosecution ordered dismissed.

## MAGEE v. STATE.
### No. 18659.

Court of Criminal Appeals of Texas.

Jan. 20, 1937.

J. Mitch Johnson, of San Saba, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for violating the liquor law; punishment, a fine of $100.

Without setting same out at length, the complaint and information in this case are subject to the same defect which caused the reversal of the judgment in the case of Whitmire v. State (Tex.Cr. App.) 94 S.W.(2d) 742. For the reasons therein stated, the judgment in this case is reversed and the prosecution ordered dismissed.