GEORGE BELL V. THE STATE.

No. 18737.   Delivered January 27, 1937.

The opinion states the case.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of two misdemeanor offenses, and his punishment was assessed at a fine in the sum of $100.00 for each offense.

The information upon which appellant was tried, omitting the formal parts, reads as follows:

"that on or about the 20th day of December, A. D., 1935, and before the making and filing of this information in the County of Motley, and State of Texas, George Bell did then and there unlawfully have in his possession distilled liquors, to-wit: whisky, which was not then and there contained in a container, to which was affixed a stamp or other valid evidence showing the payment of the tax on such liquor due to the State of Texas."

The second count charged as follows:

"that on or about the 20th day of December, A. D., 1935, and before the making and filing of this information, in the county of Motley and State of Texas the said George Bell did then and there unlawfully have in his possession, and did then and there possess for the purpose of sale in said county, which county was then and there a county in which the sale of any intoxicating liquor had been prohibited by a valid and subsisting local option election, intoxicating liquor containing alcohol in excess of one-half of one per centum by volume," etc.

The uncontradicted testimony on the part of the State shows that on the 20th day of December officers obtained a search warrant to search appellant's home. After having obtained the search warrant they went to his home, searched it, and found eight pints of whisky and a small quantity of wine. The containers did not bear any stamp showing that the tax due thereon had been paid. Appellant proved by Roy Hall that he (Hall) was a salesman for the Pettijohn Liquor Company; that about the 20th of December, 1935, he sold to appellant ten pints of liquor upon which the tax had been paid, but no stamps had been placed thereon showing the payment of such tax; that at the time they were unable to obtain the necessary stamps and were advised by the authorities to make an inventory of all unstamped liquor on hand; that the stamps would be furnished either in November or December, but that in fact they were not furnished until the 7th of January, 1936. The court submitted both counts to the jury and the jury found the appellant guilty on both counts and assessed his punishment at a fine of $100.00 for each offense. It is obvious that the second count charging appellant with possession of liquor for the purpose of sale in

local option territory is insufficient under the authority of Whitmire v. State, 94 S. W. (2d) 742, and Privitt v. State, 98 S. W. (2d) 204. Hence the court should have quashed said count and not submitted it to the jury.

By bill of exception number three appellant complains of the action of the court in permitting the county attorney, after the witness Roy Hall had given material testimony in behalf of the appellant, to ask him on cross-examination, if at the same time he was working for Pettijohn Liquor Company he wasn't also operating a filling station in Motley County where he kept whisky. The witness answered, "No." The county attorney then asked him if it was not a fact that in September, 1935, he had made a complaint against someone for stealing $485.00 worth of whisky at said filling station. Appellant objected because the question was improper and prejudicial and was done to influence the jury against him. The court qualified said bill and in his qualification states that the county attorney in response to the objection stated that the purpose of asking the question was to impeach the witness and attack his credibility and to show that this "bootlegger" (meaning the witness) was in sympathy with this other "bootlegger" (meaning defendant). Appellant again objected and requested the court to instruct the jury not to consider the remarks of counsel for the State. The court orally gave such an instruction, but appellant contends that notwithstanding the court's instruction, the prejudicial effect thereof could not be effectively withdrawn from the jury. We are inclined to agree with him. It seems to be the established rule that evidence of specific acts of misconduct is not admissible to affect the credibility of a witness. A defendant or any other witness can only be impeached as to other offenses by showing that he had been legally charged with a felony or with a misdemeanor imputing moral turpitude. See Branch's Anno. Penal Code, Sec. 168-169.

Appellant's bills of exception numbers one and two relate to appellant's objection to the introduction in evidence of the whisky. The bills as qualified by the trial court do not reflect error.

We notice that the court failed to instruct the jury on defendant's affirmative defense, but appellant did not object to the court's charge, nor did he request a special instruction therefor. Hence no error is shown.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.