### BOB HARDIN V. THE STATE.

No. 18743. Delivered January 27, 1937.

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of whisky in a dry territory; penalty assessed at a fine of $100.00.

The information alleges that the appellant did then and there unlawfully sell one pint of liquor containing alcohol in excess of one-half of one per centum by volume, the sale of such liquor in Childress County having been theretofore and was then prohibited by the laws of the State.

The State's Attorney before this court concedes that the information is insufficient to charge the offense, and in this view we are constrained to concur.

It is the uniform holding of this court that an indictment or information for violation of the local option law must show that an election was held and that as a result thereof the act complained of was prohibited. See Whitmire v. State, 94 S. W. (2d) 742; Grady v. State, 97 S. W. (2d) 472; Coleman v. State, 97 S. W. (2d) 701; Johnson v. State, 95 S. W. (2d) 419; Kelly v. State, 98 S. W. (2d) 998; Brooks v. State, 98 S. W. (2d) 999; Greenway v. State, 98 S. W. (2d) 1000. See Privitt v. State, 98 S. W. (2d) 204, for an approved form of information under the local option law.

For the reasons stated and upon the authorities cited, the judgment of the trial court is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*