### KIGHT v. STATE.
### No. 18751.

Court of Criminal Appeals of Texas.
Jan. 27, 1937.

J. M. Parker, of Gorman, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

Conviction for a misdemeanor; punishment being assessed at a fine of $100.

Omitting the formal parts, the counts of the complaint and information on which the conviction was based read as follows: "In the county of Comanche and State of Texas, Mrs. W. L. Kight and M. L. Kight did then and there unlawfully possess for the purpose of sale eleven pints of whisky, the same then and there being a liquor containing alcohol in excess of one-half of one per centum by volume, the possession of such liquor for the purpose of sale in

Comanche County, Texas, having been theretofore and was then prohibited in said Comanche County, Texas, by the laws of said State."

It is not sufficiently alleged that the sale of intoxicating liquor had been prohibited in Comanche county. It should have been averred that an election to determine whether the sale should be prohibited had been held under an order of the commissioners' court for that purpose. Also it was essential to allege that the commissioners' court canvassed the election returns and declared the result. Again, an essential averment was that the result had been published as required by the law in force at the time of the election. See Jack Kelly v. State (Tex.Cr.App.) 98 S.W.(2d) 998, delivered November 18, 1936.

The judgment is reversed, and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.