# APRIL 28, 1937

## BEN BAIRRINGTON V. THE STATE.

### No. 18982. Delivered April 28, 1937.

The opinion states the case.

*B. P. Maddox,* of Tahoka, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction is for a misdemeanor; punishment being assessed at a fine of one hundred dollars.

It is averred in the complaint and information that appellant possessed for the purpose of sale liquor containing alcohol in excess of one-half of one per centum by volume. Further, it is averred that the sale of intoxicating liquors had been prohibited in Lynn County by a valid local option election. It is not alleged that an election to determine whether the sale of said liquors should be prohibited had been held under an order of the commissioners' court. Moreover, it is not alleged that the commissioners' court had canvassed the election returns and declared the result. Again, there is no averment that the result had been published, as required by the law in force at the time of the election. In Bearden v. State, 102 S. W. (2d) 204, this court used language as follows:

"The information should have set out all of the facts accompanying and showing that in fact a local option election had been held in Motley County under an order of the commissioners' court, and in accordance with law; showing the result; showing that the votes had been canvassed; that the order had been published, etc., as set out in Whitmire v. State, supra (130 Texas Crim. Rep., 372)."

In Kelly v. State, 98 S. W. (2d) 998, the court said: "The averment in the information that the sale of intoxicating liquor has been prohibited and declared is purely the conclusion of the pleader." See also Wilkinson v. State, 101 S. W. (2d) 569.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.