## BOB WRIGHT V. THE STATE.

No. 19106.   Delivered June 16, 1937.

The opinion states the case.

*Jimmie Cunningham*, of Graham, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing for the purpose of sale intoxicating liquor in dry area, punishment assessed being a fine of one hundred dollars.

By complaint and information appellant and his wife, Mrs. Bob Wright, were jointly charged with the foregoing offense in Young County, alleged to be dry area by virtue of an election held in 1896. Appellant was alone upon trial.

The case must be reversed upon the facts. The Blue Tavern was a frame building fifty feet wide and eighty feet long, the entire north side of which was used by Mrs. Wright for a dining room and dance pavilion. In the southwest corner was a room used and occupied by Mrs. Wright, who had a permit to sell beer for consumption on the premises. The southeast portion of the building was completely partitioned off and

used as a residence by Mrs. Wright and appellant and Mary Cullers who was employed by Mrs. Wright as cashier in the tavern. The living quarters were partitioned off from the rest of the building with no connecting doors, and in order to go from the cafe and tavern to the living quarters it was necessary to go out the west door of the room where the bar was situated and go around the house and enter the living quarters through a door on the east side. This door entered the room occupied by Mary Cullers. It was necessary to go through that room to another which was occupied by Mrs. Wright and appellant. Officers suspected that intoxicating spirituous liquor was being sold at the tavern and entered the room where the bar was located and made a search thereof but found nothing in that room or in the dining room or dance pavilion. They then entered the living quarters and in the room occupied by Mary Cullers they found what is described in the statement of facts as "more than one quart of liquor and gin." It is further agreed in the statement of facts "that no one present knew of the presence of the liquor in the living quarters except Mary Cullers, in whose room it was found and another whose name was not disclosed." Appellant was not present at the time the raid was made by the officers.

The statement of facts, whether so intended or not, excludes knowledge on the part of appellant of the presence of the liquor in the room occupied by Mary Cullers. Under such circumstances the facts do not support a conviction for the possession by him of such liquor, and for that reason the case must be reversed.

We note that many objections were urged to the State's pleadings in a motion to quash. For the general form of indictments or informations in cases such as is here presented we refer to Privett v. State, 98 S. W. (2d) 204; Kelly v. State, 98 S. W. (2d) 998; Shaffer v. State, 99 S. W. (2d) 929; Wilson's Texas Crim. Forms, 4th Ed. Form No. 314; Branch's Ann. Tex. P. C., Sec. 1220.

We further observe that the facts show that the sale of beer had been legalized in Young County. The beverage alleged to have been possessed was described only as "liquor." We are gravely doubtful of that being a sufficient description. In Whitmire v. State, 94 S. W. (2d) 742, it was said:

"We call attention of prosecutors and trial judges to the fact that the description in the indictment or information of the liquor dealt with in some localities must be kept in mind because in some places in the state under our present laws a

given location may be a 'dry area' (as now designated) so far as the sale, etc., of spirituous intoxicating liquor is concerned, and at the same time be 'wet area' as it relates to sales, etc., of malt liquor, although such liquor may be intoxicating."

As the case must be reversed on the facts the complaint and information are not further discussed, but attention is directed to the matter mentioned.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*