## MIKE MASON V. THE STATE.

No. 18911. Delivered October 13, 1937.
Rehearing Denied December 15, 1937.

The opinion states the case.

*Sam J. Hamilton,* of Memphis, and *Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the Liquor Control Act; punishment, a fine of $350.00 and three months confinement in the county jail.

We are of opinion that the statement in the complaint of the fact that the commissioners court made its order prohibiting the sale of intoxicating liquor in Hall County, after canvassing the vote of the citizens of said county in a local option election held in September, 1911, is a sufficient statement of the fact that the result of said election was to prohibit such sale.

The other questions raised on this appeal were disposed of in our opinion in the case of Baker v. State, 106 S. W. (2d) 308, followed and approved by Parker v. State, 106 S. W. (2d) 313, and Morris v. State, 106 S. W. (2d) 314.

The other complaint of the refusal of the court to submit to the jury the question as to whether certain State witnesses

were accomplices is disposed of adversely to appellant's contention in an opinion in Stevens v. State, No. 18823, this day handed down (page 333 of this volume).

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In his motion for rehearing appellant insists that we were in error in holding that the inspectors of the Liquor Control Board were not accomplice witnesses. In support of the conclusion announced in the original opinion herein we cited Stevens v. State, Opinion No. 18,823, delivered October 13, 1937. On the 8th of December, 1937, the motion for rehearing in Stevens' Case was overruled (page 333 of this volume).

Appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.