## J. R. GALLAGHER V. THE STATE.

No. 21537. Delivered April 23, 1941.
Rehearing Granted June 4, 1941.

The opinion states the case.

*H. F. Grindstaff,* of Rotan, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

GRAVES, Judge.

Appellant was convicted of the offense of the possession of intoxicating liquor for the purpose of sale in a dry area, and as a prior offender was fined the sum of $500.00 by the jury.

The evidence shows that two agents of the Liquor Control Board, armed with a search warrant, searched the residence of appellant and found therein sixty-one 12 fluid ounce cans of beer in his refrigerator. It was also shown that appellant had also previously been convicted of the offense of a sale of intoxicating liquor in a dry area in cause No. 3788, in this same court.

Bill of exceptions No. 1. complains of the trial court's failure to quash the jury panel before which appellant was presented for trial. There are irregularities in the drawing of such panel alleged in the motion to quash, but no particulars appear nor is there any testimony showing what these irregularities were, and under this condition we can not appraise what grounds were relied upon by appellant for the quashing of this panel. This bill is overruled.

Bill of exceptions No. 2 complains because of the trial court's failure to sustain his attempted plea of a former conviction in this cause before Judge W. R. Chapman, in chambers in the district court at Abilene, Texas, on a certain date, which he claims was a trail for the offense of the possession of whisky, wine and beer. This plea, upon its face, shows that any trial for this instant offense could not have been had before a district judge in another county, and in a district court for an offense committed in Fisher County against a local law of this last county. Should we speculate as to what was in appellant's mind in offering such a plea, we could doubtless infer that appellant had been charged with a violation of a mandatory injunction issued out of the district court of that district, and not charged with a criminal offense in Fisher County. The bill is overruled, as well as bill No. 3, which relates to the same offered plea and its overruling by the trial court.

Bill of exceptions No. 4 complains because of the allegation in the complaint and information wherein it was alleged that the sale of intoxicating liquor in a dry area and the possession of same for the purpose of sale are similar offenses and offenses of a like character. Art. 61, P. C., provides, in substance, that a person twice convicted of a misdemeanor of the *same offense* shall on a second conviction receive double the punishment as in ordinary cases. It has been held that the words "same offense" mean one of a like character, and should be charged as such in the pleadings. See Collins v. State, 75 Tex. Cr. R. 534, 171 S. W. 729; Waltrip v. State, 114 S. W. (2d) 555; Kinney v. State, 78 S. W. 226, 79 S. W. 572.

We are of the opinion that the sale of intoxicating liquor in a dry area and the possession of such liquor for the purpose of sale in a dry area, are offenses of a like or similar character, and either can be used for an enhancement of punishment in a trial for the other.

Bill of exceptions No. 5 complains of the vagueness of the allegations in the search warrant used by the searching officers mainly because the same fails to allege who was in possession of the premises thus searched. There is an accurate description of the peculiar premises to be searched, that is:

"A certain private dwelling, located in Fisher County, Texas, described as (a) being a street car combination cafe and living quarters located on the South side of the Highway between

Roby and Rotan and being the southeast part of Rotan, Fisher County, and being the premises of and occupied by party or parties, whose name or names, and whose description or descriptions, are unknown to affiants."

There is naught shown in the record that contradicts the above statement that the name of the occupants of such premises was unknown to affiants, and we think such an allegation would therefore be sufficient as to such occupancy. See 38 Tex. Jur., p. 51; McDonald v. State, 77 S. W. (2d) 685; Naulls v. State, 27 S. W. (2d) 180. These cases hold that if both the name and description of the person whose premises are desired to be searched are unknown, it is sufficient to say so. This bill is overruled.

Bill of exceptions No. 6 seems to complain of the trial court's refusal to grant to him a continuance in this case because of the alleged fact that "the defendant had been in jail for several days, serving another case, and had not been served with a copy of the complaint or information." This is the extent of the allegations in said motion. The same is only signed by appellant's attorney, and no further allegations are found therein. The bill of exceptions No. 6 relative to this motion fails to throw any further light on the matter, and as same is presented to us we fail to find error therein.

Bill of exceptions No. 7 relates to the court's charge wherein he charged the jury that possession of liquor for sale in a dry area and the sale of same therein were offenses of a like or similar character. We think this charge was a correct exposition of the law according to our reasoning relative to bill No. 4 herein.

Bills of exceptions Nos. 8 and 9 are overruled, being without merit in our opinion.

Bill No. 10 relative to alleged misconduct of the jury is not borne out by the record presented to us, and same is overruled.

We have considered all the matters presented to us by the record, and we do not find anything therein that would demand a reversal of the judgment, and the same is accordingly affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

For the first time in the motion for rehearing our attention is called to a fatal defect in the information.

It is alleged that an election was held in Fisher County in November, 1902, under order of the Commissioners Court to determine whether the sale of intoxicating liquor should be prohibited in said county; that the Commissioners Court had canvassed the returns of said election and entered an order declaring the result to be in favor of prohibiting such sale, but there is a failure in the information to allege the publication of said order. There is such averment in the complaint but it is omitted from the information.

The prohibition election in question was held under the provisions of the Revised Civil Statutes of 1895. Art. 3396 thereof provided that when such election had resulted in favor of prohibition and the Commissioners Court had so declared and had "caused the same to be published as aforesaid, any person who shall *thereafter*" violate said law should be punished. It is apparent from the wording mentioned that under the 1895 statutes the local option law did not become effective until the declaration of the result had been published, hence the necessity of both alleging and proving said publication. See Watson v. State, 135 Tex. Cr. R. 632; 122 S. W. (2d) 311; Wilkinson, v. State, 131 Tex. Cr. R. 624, 101 S. W. (2d) 569; Whitmire v. State, 130 Tex. Cr. R. 372, 94 S. W. (2d) 742; Alexander v. State, 132 Tex. Cr. R. 1, 102 S. W. (2d) 209; McCuistian v. State, 132 Tex. Cr. R. 47, 102 S. W. (2d) 415; Coleman v. State, 131 Tex. Cr. R. 213, 97 S. W. (2d) 701; Kelly v. State, 131 Tex. Cr. R. 318, 98 S. W. (2d) 998; Barrington v. State, 132 Tex. Cr. R. 325, 104 S. W. (2d) 861.

It becoming necessary to reverse the judgment for the reasons stated other questions presented in appellant's motion for rehearing will not be considered.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is reversed and prosecution ordered dismissed under the present information.