DAVE SIMMONS V. STATE.

No. 26,048. November 19, 1952.

*Bowlen Bond,* Teague, for appellant.

*Elmer McVey,* County Attorney, Fairfield, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for possessing beer for the purpose of sale in a dry area, with punishment assessed at a fine of $1,000 and 365 days in jail.

The complaint in alleging the dry status of the county alleged, among other things, that the local option election was held on the 21st day of December, 1940. The information did not follow this allegation but, instead, alleged that the election was held on the 21st day of June, 1952, which was six days prior to the date the offense was alleged to have been committed (June 27, 1952).

It is insisted that the information is fatally defective in two instances: (1) because of the variance in the complaint and information between the respective allegations of the date the election was held, and (2) because, under the law of this state, the dry status of a county cannot be established within a period of six days—that is, if the eleection was held on June 21, 1952, as alleged in the information, the dry status of the county would not be established until the order declaring the result of the election had been duly published for thirty days, as provided by Arts. 666-37 and 666-38, Vernon's P. C.

The conclusion is expressed that the information is defective in each instance.

It is now deemed axiomatic that a variance between allegations of the complaint and the information is fatal to the validity of the information. Branch's P. C., Sec. 482.

It is necessary in prosecution for violating the local option law that the dry status be alleged. Hall v. State, 37 Tex. Cr. R. 219, 39 S. W. 117; Hood v. State, 131 Tex. Cr. R. 500, 100 S. W. 2d 1014; Morgan v. State, 151 Tex. Cr. R. 322, 207 S. W. 2d 412.

The instant allegation as to the date of the election constituted an element of the dry status. It was necessary, therefore, that the information follow that allegation in the complaint and, not having done so, a variance between the complaint and the information is evident.

As to the second alleged defect, it is apparent that the dry status of the county has not been alleged, because such could not, under the law, be accomplished within six days after the election.

To sustain the information, the state insists that the allegation as to the date of the election was surplusage and could therefore be disregarded, and in support of that contention relies upon the case of Rowlett v. State, 156 Tex. Cr. R. 44, 238 S. W. 2d 781. The issue before the court in that case was whether the state was authorized to amend the information by correcting the date of the local option election. This was held to be permissible, as the allegation of the date of the election was a matter of form and therefore amendable.

There was no question of variance in the Rowlett case. The state, here, did not seek to amend the information as determined by the Rowlett case. That case, then, as also the issue there determined, is not here in point, or controlling.

The complaint being valid, a proper information may be presented thereon. For that reason, the conviction will be reversed and remanded, rather than reversed and dismissed.

The judgment is reversed and the cause remanded.

Opinion approved by the court.