Masterson, Williams & Smith, Angleton, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The transcript shows that appellant was tried before a jury. The charge appears in the record, and also an amended motion for new trial which complains of the admission of evidence within the hearing of the jury and also complains that the verdict is contrary to the law and the evidence in the case. However, we find in the record no verdict of the jury and no judgment based upon a jury verdict.

The transcript contains a judgment, but it recites that it was rendered on a plea of guilty before the court, a jury being waived, and that the court assessed a $50 fine as punishment.

The judgment states that "the Defendant, Neil Arthur Geyer * * * pleaded guilty to D.W.L.S."; adjudges that he is guilty "as charged" and provides for the recovery of a $50 fine and costs.

 In the absence of a proper judgment, the conviction cannot be affirmed.

This prosecution was instituted under Art. 6687b, Sec. 34, Vernon's Ann.Civ.St., the complaint and information alleging that appellant did "unlawfully drive and operate a motor vehicle upon a public highway * * * *after* his, the said Neil Arthur Geyer's license and privilege to operate a motor vehicle in the State of Texas had been canceled, suspended and revoked *and without* having obtained *a new* operator's license, commercial license, and chauffeur's license."

 We are inclined to agree with appellant's contention that the complaint and information are insufficient to charge the offense defined in Sec. 34 of Art. 6687b, V.A.C.S.

In Rushing v. State, Tex.Cr.App., 277 S.W.2d 104, 105, we held the complaint and information to be sufficient which alleged that the accused " 'did then and there unlawfully drive and operate a motor vehicle upon a public highway, there situate, when the Texas Operator's license of said George Gordon Rushing was suspended.' "

We find no allegation in the present complaint or information, the effect of which is to charge that appellant drove a motor vehicle upon a public highway *while, when or during* the time his license or privilege was under suspension, revocation or cancellation.

The judgment is reversed and the prosecution under the present complaint and information is ordered dismissed.

Marion PATTERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 28167.

Court of Criminal Appeals of Texas.

March 14, 1956.

will not be dismissed. See Simmons v. State, 158 Tex.Cr.R. 14, 252 S.W.2d 711.

Because of the insufficiency of the information, the judgment is reversed and the cause is remanded.

**Ex parte C. W. PHARES.**

**No. 28239.**

Court of Criminal Appeals of Texas.

March 14, 1956.

---

G. C. Harris, Greenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $200.

The complaint appears to be sufficient but the information upon which appellant was convicted is fatally defective in that it fails to designate or name appellant or any other person as having committed the offense, nor does it allege that the name of the accused is unknown.

Art. 414 Vernon's Ann.C.C.P. (4) requires that an information "contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him."

There being a valid complaint upon which a new information naming the accused may be presented, the prosecution