Fessor Sonie FROST, Appellant,

v.

The STATE of Texas, Appellee.

No. 35777.

Court of Criminal Appeals of Texas.

June 26, 1963.

Howard B. Law, James Keith Marks, Dallas, for appellant.

Henry Wade, Dist. Atty., Emmett Colvin, Jr., Asst. Dist. Atty., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

On Appellant's Motion for Rehearing.

Our prior opinion is withdrawn, and the following substituted.

The offense is the unlawful possession of beer for the purpose of sale in a dry area; the punishment, sixty days in jail.

The appellant attacks, for the first time, the sufficiency of the complaint and information.

The information charged that the beer was possessed by appellant at 3414 Navarro Street in the city of Dallas, a dry area, and that an election had been held in precinct 7, resulting in favor of prohibiting the sale of malt liquor in said precinct; that the commissioners court had canvassed the election returns, had entered its order declaring the results, and had posted notice of the election, as required, for publication. It fails, however, to allege that 3414 Navarro Street was within precinct 7. See Earl v. State, 136 Tex.Cr.R. 490, 126 S.W.2d 664. It seems clearly established that the mere allegation that the offense occurred in a "dry area" is not sufficient averment to support a conviction. Hall v. State, 37 Tex.Cr.R. 219, 39 S.W. 117; Whitmire v. State, 130 Tex.Cr.R. 372, 94 S.W.2d 742; Schmidt v. State, 130 Tex.Cr.R. 369, 94 S.W.2d 743; Johnson v. State, 130 Tex.Cr.R. 523, 95 S.W.2d 419; Grady v. State, 131 Tex.Cr.R. 156, 97 S.W.2d 472; Coleman v. State, 131 Tex.Cr.R. 213, 97 S.W.2d 701; Kelly v. State, 131 Tex.Cr.R. 318, 98 S.W.2d 998; Brooks v. State, 131 Tex.Cr.R. 329, 98 S.W.2d 999; Greenway v. State, 131 Tex.Cr.R. 313, 98 S.W.2d 1000; Terrell v. State, 131 Tex.Cr.R. 366, 99 S.W.2d 304; Malchoff v. State, 131 Tex.Cr.R. 415, 99 S.W.2d 917; Scott v. State, 131 Tex.Cr.R. 426, 99 S.W.2d 920; Fox v. State, 131 Tex.Cr.R. 410, 99 S.W.2d 925; Shaffer v. State, 131 Tex.Cr.R. 427, 99 S.W.2d 929; Cutler v. State, 131 Tex.Cr.R. 405, 99 S.W.2d 930; McKinney v. State, 131 Tex.Cr.R. 508, 100 S.W.2d 358; Hood v. State, 131 Tex.Cr.R. 500, 100 S.W.2d 1014; Magee v. State, Tex.Cr.App., 101 S.W.2d 235 (two cases); Pond v. State, 131 Tex.Cr.R. 559, 101 S.W.2d 247; Kight v. State, 131 Tex.Cr.R. 590, 101 S.W.2d 258; Hardin v. State, 131 Tex.Cr.R. 588, 101 S.W.2d 265; Bell v. State, 131 Tex.Cr.R. 571, 101 S.W.2d 558; Wilkinson v. State, 131 Tex.Cr.R. 624, 101 S.W.2d 569; Bearden v. State, 132 Tex.Cr.R. 39, 102 S.W.2d 204; Alexander v. State, 132 Tex.Cr.R. 1, 102 S.W.2d 209; Campbell v. State, 132 Tex.Cr.R. 40, 102 S.W.2d 215 (two cases); McCuistian v. State, 132 Tex.Cr.R. 47, 102 S.W.2d 415; Barker v. State, 132 Tex.Cr.R. 80, 103 S.W.2d 155; Jackson v. State, 132 Tex.Cr.R. 167, 103 S.W.2d 742; Bairrington v. State, 132 Tex.Cr.R. 325, 104 S.W.2d 861; Blank v. State, 132 Tex.Cr.R. 535, 106 S.W.2d 277; Monzingo v. State, 132 Tex.Cr.R. 545, 106 S.W.2d 282; Ballew v. State, 132 Tex.Cr.R. 534, 106 S.W.2d 284; Jackson v. State, 133 Tex.Cr.R. 360, 111 S.W.2d 256; Gallagher v. State, 142 Tex.Cr.R. 133, 151 S.W.2d 819; Morgan v. State, 151 Tex.Cr.R. 322, 207 S.W.2d 412; Hilliard v. State, 151 Tex.Cr.R. 398, 208 S.W.2d 378; Simmons v. State, 158 Tex.Cr.R. 14, 252 S.W.2d 711, and, see: Privitt v. State, 131 Tex.Cr.R. 342, 98 S.W.2d 204, and Brown v. State, 135 Tex.Cr.R. 3, 117 S.W.2d 107.

The appellant's plea of guilty did not cure this defect. As stated in Hill v. State, Tex.Cr.App., 332 S.W.2d 579:

"If * * * the State's pleading is in such form that a legal judgment of

conviction could not be based on it, the defect is one of substance and the error is fundamental and may be raised for the first time on appeal. 5 Tex.Jur. 2d, Appeal and Error, Criminal Cases, Sec. 32."

We further observe that the information did not allege whether the precinct in question was a justice precinct or a commissioners precinct. This was a necessary description of the area involved. Patton v. State, 166 Tex.Cr.R. 205, 312 S.W. 2d 678.

For the errors pointed out, the judgment is reversed and the cause remanded.