**Helen CULPEPPER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 896–83.**

Court of Criminal Appeals of Texas, En Banc.

May 9, 1984.

Larry Evans, Childress, for appellant.

Robert Huttash, State's Atty., Alfred Walker, Asst. State's Atty., Austin, for the State.

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted on September 14, 1982, in a bench trial of transporting beer and whiskey in a dry area in violation of Tex.Alco.Bev.Code Ann., Sec. 101.31 (Vernon 1978). Punishment was assessed at a fine of five hundred ($500.00) dollars. The Court of Appeals for the Seventh Supreme Judicial District reversed appellant's conviction after determining that the information charging her was fundamentally defective. We granted the State's Petition for Discretionary Review to determine whether the information in the case sub judice passes statutory muster. We reverse the Court of Appeals and affirm the trial court.

The information alleges, inter alia, that appellant did "transport an alcoholic beverage, to wit: beer and whiskey in a dry area." The Amarillo Court of Appeals, in reversing the trial court, held the information should have averred that "a local option election was held under an order of the commissioners court, that the results were canvassed by the commissioners court and an order of the commissioners court declaring the result of the prohibition election was published." As authority for this proposition, the Court of Appeals cited *Montez v. State*, 157 Tex.Cr.R. 300, 248 S.W.2d 477 (1952); *Hardy v. State*, 162 Tex.Cr.R. 166, 283 S.W.2d 234 (1955); *Dixon v. State*, 164 Tex.Cr.R. 478, 301 S.W.2d 174 (1957); *Jackson v. State*, 133 Tex.Cr.R. 360, 111 S.W.2d 256 (1937); and *Whitmire v. State*, 130 Tex.Cr.R. 372, 94 S.W.2d 742 (1936).

It is helpful to our inquiry to look at the statutory history predating the evolution of Section 101.31, supra. Former Tex.Penal Code, Art. 378 (1879), provided:

"If any person shall sell, exchange, or give away any intoxicating liquor, whether in any county, justice's precinct, city, or town in this State after the qualified voters of such county, justice's precinct, city or town determined, at an election held in accordance with the laws of the State, that the sale or exchange of intoxicating liquors shall be prohibited in such county, justice's precinct, city, or town, and the Commissioners Court has passed an order to that effect, and such order has been published in accordance with law, he shall be fined in a sum not less than ...."

In *Prather v. State*, 12 Tex.App. 401 (1882), the Texas Court of Appeals construed Art. 378, supra, in the following manner:

"Article 378 of the Penal Code makes it an offense to sell, etc., any intoxicating liquor whatsoever, in any county, etc. after the published voters of said county, etc., have determined at an election *held in accordance with the laws of the State* that the sale, etc. shall be prohibited. It is thus made a part of the description and definition of the offense that the election declaring prohibition shall have been held in accordance with the laws of this State, and in order, therefore, to convict a person of this offense, *it must be alleged and proved that the election was held.* It is just as essential to allege and prove this constituent element of the offense as it is to allege the sale, etc." (emphasis added.)

However, in 1887, Art. 378 was amended to read, in pertinent part:

"If any person shall sell any intoxicating liquor in any county, justice precinct, city or town in which the sale of intoxicating liquor has been prohibited under the law of this state ... he shall be punished ..." Law of March 30, 1887, Chapter 90, Sec. 1, 1887 Tex.Gen.Laws 70, 9 H. Gammel, Laws of Texas 868 (1898).

It is clear that this amendment eliminated the necessity of alleging the process as to *how*[1] an area became dry. However, this Court continued to follow the pleading requirements mandated in *Prather*, supra, and its progeny, long after the 1887 amendment to Art. 378. See for example *Stewart v. State*, 35 Tex.Cr.R. 391, 33 S.W. 1081; *Alford v. State*, Tex.Cr.App. 35 S.W. 658; *Hall v. State*, 37 Tex.Cr.R. 219, 39 S.W. 117.

Art. 666–4(b) of the 1925 Texas Penal Code (since repealed) provided:

"It shall be unlawful for any person in any dry area to manufacture, distill, brew, sell, possess for the purpose of sale, import into this State, export from the State, transport, distribute, warehouse, store, solicit or take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix, or process any liquor, distilled spirits, whiskey, gin, brandy, wine, rum, beer or ale." Acts 1935, 44th Leg., 2nd. C.S., p. 1795, ch. 467; Art. I, sec. 4; Acts 1937, 45th Leg., p. 1053, ch. 448, sec. 5.

The cases interpreting Art. 666–4(b)[2], supra, began in 1936 with the decision in *Whitmire*, supra, and this Court subsequently held in at least 28 other cases that the "election" allegations were essential to the validity of an information alleging a "dry area" violation of the liquor laws. It is evident that this Court continued to rely on the reasoning of the Texas Supreme Court in *Prather*, supra.

The promulgation and enactment of the Alcoholic Beverage Code in 1977 replaced Art. 666–4(b) with Section 101.31, the violation for which appellant was convicted. Sec. 101.31 provides:

"Except as otherwise provided in this code, no person in a dry area may manufacture, distill, brew, sell, import into the state, export from the state, transport, distribute, warehouse, store, solicit or take orders for, or possess with intent to sell an alcoholic beverage."

Tex.Alco.Bev.Code Ann., Sec. 251.71 (Vernon's 1978) provides:

"(a) An area is a 'dry area' as to an alcoholic beverage of a particular type and alcohol content if the sale of that beverage is unlawful in the area. An area is a 'wet area' as to an alcoholic beverage of a particular type and alcoholic content if the sale of that beverage is lawful in the area.

"(b) Those areas that are wet or dry when this code takes effect retain that status until the status of the area is changed as provided in this code.

"(c) *All trial courts of this state shall take judicial notice of the wet or dry status of an area in a criminal prosecution.*

"(d) In an *information, complaint,* or indictment, *an allegation that an area is a dry area as to a particular type of alcoholic beverage is sufficient,* but a different status of the area may be urged and proved as a defense." (emphasis added.)

It is apparent that the legislature intended that a charging instrument need only allege alcoholic beverages were transported in a "dry area" to be legally sufficient, and we so hold. Averments that a local option election was held, that the results were canvassed and found to be in favor of dry status, and that the results were published, are no longer required.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. It is interesting to note that *neither* Art. 666–4 nor Art. 378, as amended, contained language requiring proof of *how* a dry area obtained its status.

To the extent that any previous decisions of this Court or the Courts of Appeals are in conflict, they are expressly overruled.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

ONION, P.J., concurs in the result.